## CLARK *v.* THE STATE.

No. 6775.  November 16, 1928.

344

M. *Price* and *W. S. Tyson,* for plaintiff in error.

*George M. Napier,* attorney-general, *J. T. Grice,* solicitor-general, and *T. R. Gress,* assistant attorney-general, contra.

HINES, J. ■ The defendant relied upon his plea of not guilty and upon his alleged insanity at the time he killed the deceased. The State introduced evidence tending to establish his guilt and his sanity at the time of the commission of the homicide. He introduced no evidence. He made a statement which is fully set out in the preceding statement of facts. The court charged to the jury section 5731 of the Civil Code, defining what constitutes the preponderance of evidence. In the first special ground of the motion for new trial the defendant complains that the court erred in failing to charge section 5732, which lays down the rule for determining where the preponderance of the evidence lies, in connection with his charge of the principle embraced in section 5731.

On the trial of a criminal case on the issue of guilty or not guilty, it is ordinarily inapt to give in charge the provisions of section 5732. *Gale* v. *State,* 135 *Ga.* 351 (69 S. E. 537); *Helms* v. *State,* 138 *Ga.* 826 (5, 6) (76 S. E. 353). On the trial of one charged with murder, where the issue is one of guilty or not guilty, it is not error for the court to fail to give to the jury the provisions of the above section, defining the rule for determining where the

preponderance of the evidence lies. *Fry* v. *State,* 141 *Ga.* 789 (82 S. E. 135). But where on the trial of one charged with murder he relies upon the defense of insanity, the presumption is in favor of his sanity, and the burden is upon him to rebut this presumption by establishing his insanity by a preponderance of the evidence. *Carter* v. *State,* 56 *Ga.* 463 (8); *Danforth* v. *State,* 75 *Ga.* 614 (58 Am. R. 480); *Ryder* v. *State,* 100 *Ga.* 528 (5) (28 S. E. 246, 38 L. R. A. 721, 62 Am. St. R. 334); *Hinson* v. *State,* 152 *Ga.* 243 (109 S. E. 661); *Currie* v. *State,* 153 *Ga.* 178 (111 S. E. 727). In such a case, where the defense is insanity, and there is conflict in the evidence upon the issue of insanity, it would be proper for the trial judge to give in charge to the jury the provisions of sections 5731 and 5732; but if the defendant introduces no evidence, but relies upon his statement alone to establish his insanity from its incoherency and lack of sense, it is not error for the trial judge to fail to give in charge to the jury the provisions of section 5732, although he charges section 5731, where the court has fully instructed the jury upon the right of the defendant to make a statement to them, upon the weight to be given to his statement, and has expressly instructed them that they should look to all the facts and circumstances, including the defendant's statement, in passing upon the issue of his insanity. These sections are not apt where the only conflict which exists is between the evidence introduced by the State and the statement of the defendant. Even if section 5732 was applicable under the facts of the case, the failure to give its provisions in charge to the jury was not error in the absence of a proper request from the defendant; and this is true although the judge gave in charge section 5731.

■ The court charged the jury as follows: "A lunatic or insane person, without lucid intervals, shall not be found guilty of any crime or misdemeanor with which he may be charged, provided the act so charged as criminal was committed under the conditions of such lunacy or insanity; but if a lunatic has lucid intervals or understanding, he shall answer for what he does in those intervals as if he had no deficiency. Generally, with regard to the question of sanity or insanity at the time of the alleged act or an act alleged to be criminal, the true test of sanity or insanity is as follows: The insanity which renders the perpetrator of a par-

ticular act, which would ordinarily be criminal, incapable of committing a crime, by its perpetrator, is such as to deprive him of the capacity to distinguish between right and wrong, relative to such acts. The perpetrator may be insane in a loose, general sense, and yet be, in the eye of the law, sane and responsible so far as the act in question is concerned. Likewise, a person may be sane as to everything else, and yet be insane as to a particular act or thing; and if he is insane as to that act and does not know it is wrong, is not mentally capable of distinguishing between right and wrong as to that act, then he would not be legally responsible as to such act, and could not be legally convicted of crime on account of same. If, on the contrary, you should believe that the defendant committed the act charged against him in this bill of indictment and in the manner therein alleged, and that at the time of the commission he was not mentally incapable of distinguishing between right and wrong with reference to such act, and was irresistibly impelled to its commission by reason of any mental disease, he would not be excusable for the same on the ground of mental disease or insanity." To these instructions the defendant excepts, and alleges that the court erred in giving them, because: (a) said charge lays down a wrong rule, the true rule on the question of insanity in murder cases being whether the accused is of sound memory and discretion; (b) the rule given the jury is incorrect so far as the offense charged against the defendant was concerned; (c) the charge permitted the jury to convict the defendant even though they found that he was not a person of sound memory and discretion; and (d) all of said charge was contrary to law. The instructions on the commission of crime during lucid intervals and upon general insanity are not erroneous for any of the reasons assigned. The instruction as to the commission of crime during lucid intervals is in accordance with our law on this subject. Penal Code, § 35. The instruction upon general insanity, embraced in the second and third paragraphs of the above instructions, is in accordance with our law upon this subject. *Roberts* v. *State,* 3 *Ga.* 310 (3); *Choice* v. *State,* 31 *Ga.* 424; *Roberts* v. *State,* 123 *Ga.* 146, 163 (51 S. E. 374). The instruction embraced in the last paragraph of the above instructions should have the word "not" before the word "irresistibly," as appears from the charge of the court which was duly approved

and made a part of the record. With this correction the instruction in this paragraph of the charge is not incorrect.

The court charged the jury as follows: "Of course, you understand, the question of insanity has reference to the time of the commission of the act charged in the bill of indictment, and not at the present time or at any other time except at the time of the commission of the act." To this charge the defendant excepts in the third special ground of the motion for new trial. The assignments of error are: that (*a*) it lays down an incorrect rule of law, in that it restricted the jury to the evidence touching the sanity or insanity of the defendant at the time the deceased was killed, and denied the jury the right to consider any evidence on this subject at the time of the trial; and (*b*) that said instruction was incomplete, in that it failed to instruct the jury that they have the right to consider the mental condition of the defendant at the time of the trial as throwing light upon his mental condition at the time of the commission of the act which resulted in the homicide. This instruction was not erroneous for any of the reasons assigned. In effect, the judge instructed the jury that the defendant must have been insane at the time of the commission of the homicide; and in no way restricted the jury to any facts existing prior or subsequent to the homicide, to establish the mental capacity of the defendant. The court instructed the jury to look to all the facts and circumstances of the case, including the defendant's statement, in determining the sanity or insanity of the accused.

The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*