No. 21487.

RONALD MCCONNELL *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(402 P.2d 75)

Decided May 17, 1965.

236

Plaintiff in error, pro se.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James W. Creamer, Jr., Assistant, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This is a Colo. R. Crim. P. Rule 35 (b) case wherein Ronald McConnell, hereinafter called petitioner, seeks relief by writ of error from an order of the trial court which denied his "Motion to Vacate Judgment and Sentence with Leave to Withdraw a Plea of Guilty."

The record discloses that petitioner was arrested August 17, 1962, and charged with "aggravated robbery." On September 6, 1962, he entered a plea of not guilty and not guilty by reason of insanity. On January 7, 1963, on the advice of his counsel, he withdrew his two pleas and entered a plea of guilty as charged. On February 14, 1963, he was sentenced to the state penitentiary for a term of ten to fifteen years. On January 5, 1964, he filed the above motion to vacate which was thereafter denied. Grounds urged for relief are:

(1) That the trial court erred in permitting petitioner

to withdraw his plea of not guilty and not guilty by reason of insanity while he was allegedly an escapee from the Colorado State Hospital under a County Court commitment; in permitting him to enter a plea of guilty to the robbery notwithstanding his prior record of commitments for mental incompetency; and,

(2) That the trial court erred in sentencing petitioner to prison when allegedly his original counsel failed to appear in court for such sentencing. It is asserted in this connection that the court was cognizant of the fact that the attorney who was present during the sentencing had no knowledge of the case or of petitioner and that said counsel stood mute during the entire proceeding.

Petitioner asserts, and the People do not deny, that he had been "adjudged a mental incompetent and was committed to the Colorado State Hospital four (4) times between January 1958 and February 1961, released three times and returned." He asserts that because he was allegedly an escapee from said hospital "at the time a [this] plea of guilty was entered" the trial court should have exercised "good conscience and sound discretion" and granted his motion.

The People, in regard to the escapee claim, point out that petitioner, in fact, had been restored to reason prior to the plea complained of, but that he claimed in the trial court that though so restored, he had perpetrated and obtained his restoration through false pretenses and fraud in order to cause the Denver Police Department to drop its pickup order which had been issued for his apprehension and return to the Colorado State Hospital. A supplement to the record here by the trial court also indicates that after the plea of not guilty and not guilty by reason of insanity, the trial court appointed Dr. Edward J. Delehanty to examine and observe petitioner for not to exceed thirty days at the County Jail in Denver; and, that in regard to the attorney matter only one attorney, Jacob Chisen, appears of record and such record does not show separate or different counsel at the sentencing

from the one who appeared when the plea was withdrawn.

 Since no transcript of testimony is furnished us on this writ of error, we must rely upon those undisputed facts alleged in the pleadings, findings and orders of the trial court. Any facts not appearing of record and relied on by petitioner cannot be reviewed by this court. We thus limit this review solely to the question as to whether the trial court committed error as a matter of law based upon the facts before us.

In its Order of January 22, 1964, denying petitioner's Motion, the trial court expressly found as follows:

"* * * it appears that the defendant not only understood the meaning of his plea, but that the plea was not accepted before he was fully advised of all his rights, namely the right to trial by jury and counsel, and the punishment that could be imposed. The record also reflects that the Court allowed the defendant additional time, at the defendant's request, to discuss his plea with counsel. After such discussion, and upon advice of counsel, the defendant entered a plea of guilty."

 It is true that a lunatic or insane person (as defined in C.R.S. 1963, 39-8-1) without lucid intervals shall not be found guilty of any crime or misdemeanor with which he may be charged (C.R.S. 1963, 40-1-3). That does not mean, however, that a trial court, under the circumstances presented here, cannot proceed to try and sentence a guilty defendant when it is fairly and reasonably satisfied as to his mental competency, and no plea of not guilty by reason of insanity is before it. Even a lunatic is criminally responsible for acts committed during a lucid interval. *Clark v. State,* 167 Ga. 341, 145 S.E. 647 (1928); 22 C.J.S. Criminal Law § 57. Assuming arguendo that this petitioner did procure his release as a mental incompetent by fraud, as he asserts, that makes no difference under this record for the presumption is of sanity and as was stated in *Arridy v. People,* 103 Colo. 29, 82 P.2d 757 (1938), "Strictly speak-

ing, the defendant's acknowledged status as a ward of the state was not here conclusive evidence of insanity * * *." Also, in *Arridy*, it was said that: "We think it does not follow from a commitment to such an institution [there The State Home and Training School for Mental Defectives] that one necessarily is incapable of forming an intent to commit a crime." Needless to say, the test for criminal insanity in Colorado and that required for a civil commitment order are not the same.

 In any event, petitioner's request to withdraw his plea of guilty comes too late under Colo. R. Crim. P. Rule 32 (e) which requires it to be made prior to sentencing. Accordingly, the trial court was correct in denying the motion.

 To consider petitioner's second ground of alleged error, we again must assume arguendo that different counsel was in fact present (which of course this record does not show). His complaint then is to the effect that he was not properly represented by counsel *at his sentencing*. This apparently is based upon some nebulous theory that *after a* guilty plea counsel should have done something — he doesn't say what — so that either sentence would not be pronounced, or so it would be more lenient when announced. The answer to such an argument is found in *Thompson v. People.* 139 Colo. 15, 336 P.2d 93 (1959) wherein it was said:

"* * * the client will not be heard to complain if he stands by, permits the case to be tried, and objects for the first time after receiving an adverse decision."

We find no facts in this record that will support either of petitioner's contentions.

The judgment is affirmed.