Ronald McCONNELL, No. 34844,
Petitioner,

v.

Wayne K. PATTERSON, Warden,
Colorado State Penitentiary,
Respondent.

Civ. A. No. 66–C–86.

United States District Court
D. Colorado.

June 17, 1966.

Michael R. Homyak, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen. for State of Colorado, Frank E. Hickey, Deputy Atty. Gen. and George E. DeRoos, Asst. Atty. Gen., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This is a petition for writ of habeas corpus filed pursuant to title 28 U.S.C. § 2254. The petitioner has demonstrated that he is a pauper and an order has been entered permitting him to proceed. Moreover, the facts demonstrate exhaustion of state remedies whereby the matter is properly before us. We issued an Order to Show Cause on February 8, 1966, and held hearings on May 6 and June 3, 1966. At the latter hearing the defendant was present in Court and was afforded an opportunity to testify. The matter now stands submitted.

The claims of petitioner are that the trial court violated his constitutional rights in permitting him to withdraw his plea of not guilty by reason of insanity and to enter a plea of guilty; and, *secondly*, he maintains that his employed counsel in the State court proceedings was ineffective and inept as a result of which his federally-protected right to counsel was also infringed.

The facts are that the defendant was arrested in Denver on August 17, 1962, and was charged with aggravated robbery. He retained a Denver attorney who appeared with him at the arraignment on September 6, 1962. On that occasion a plea of not guilty was entered and in addition a plea of not guilty by reason of insanity. The trial court, on the basis of the latter plea, commissioned

Dr. Edward Delehanty, a Psychiatrist, to examine the accused and to make a report to the Court. Following examination a report was made. This report was to the effect that the defendant was legally sane as tested by the standards applicable to capacity to commit a crime. Thereafter, an additional psychiatrist was employed to examine the defendant at his request and did so on two occasions. He also concluded that the petitioner was legally sane.

Subsequently, on January 30, 1963, the pleas of not guilty and not guilty by reason of insanity were withdrawn and a guilty plea was entered. Following this the trial judge sentenced the defendant to a term of not less than ten nor more than fifteen years in the Colorado State Penitentiary.

It is not contended that there was any defect or deficiency in the proceedings with respect to withdrawal of the not guilty and the insanity pleas. Petitioner was represented by counsel, an associate of his retained counsel, and to outward appearance the proceedings were in accordance with law. Moreover, there is no question but that the trial court was fully aware of the background and personality of the accused at the time of the change of plea. In addition to the report of Dr. Delehanty, there was a full presentence report which brought to the attention of the trial judge the fact that petitioner had been committed to the State Hospital at Pueblo and had been confined there on several occasions.

The question boils down to whether the action of the trial judge in not impaneling a jury to inquire into the petitioner's capacity to understand the proceedings and to withdraw his plea of not guilty and his plea of not guilty by reason of insanity constituted a violation of a federally-protected right.

■ It must be concluded from a consideration of the evidence before us that the trial judge did not err in refusing the request to withdraw the plea of guilty and in not proceeding to impanel a jury to try the issue of insanity. The court had before it expert medical opin-ion revealing that the defendant was legally sane at the time. It is urged, however, that the previous civil commitments should have raised a doubt as to the capacity of the accused to have committed the offense or to have entered the plea. It is to be noted, however, that the test for civil commitment is quite different from that applicable to capacity to commit a criminal offense or incapacity to enter a plea. See the opinion of the Supreme Court of Colorado in McConnell v. People, Colo., 402 P.2d 75. A mentally ill person can be committed civilly and at the same time meet the tests applicable to capacity to answer for criminal violations. Indeed, the sociopath or the psychopath is frequently committed civilly to the State Hospital even though he knows the difference between right and wrong and is legally capable of controlling his impulses.

We are convinced that the trial court carefully considered the instant question both at the time of the change of plea and also at the time of sentencing. The court also considered the issue in connection with petitioner's Rule 35(b) motion. Moreover, the defendant was represented by capable counsel who apparently exhausted every procedure practical in the circumstances for the protection of the accused.

Our decision in Hampton v. Tinsley, 240 F.Supp. 213, is relied on by petitioner. That was, however, quite a different situation. In the case at bar the defendant was fully advised of his rights and of the consequences of his guilty plea. Indeed, he entered his own plea. Furthermore, there was a dearth of medical evidence to establish insanity at the time.

The case of Pate v. Robinson, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed.2d 148, is also distinguishable. There the issue of insanity and of incapacity to stand trial was raised at every stage. The holding of the Supreme Court was that there was palpable error in refusal to allow the hearing.

■ We must conclude, therefore, that the action of the trial judge in accepting the plea of guilty did not constitute an

infringement of any federally-protected right of the accused.

The second point, that is, the contention that petitioner was deprived of legal representation, is clearly without merit. From the record and from the testimony at the hearing it appears that petitioner had the help of able defense counsel who actively participated in all of the proceedings and who counseled the accused at every stage. The fact that the final result is not satisfactory to petitioner is not the correct test. See Goforth v. United States, 10 Cir. 1963, 314 F.2d 868 and Lucero v. United States, 10 Cir. 1964, 335 F.2d 912.

The rule to show cause is discharged and the petition is denied as being without merit.

It is so ordered.