**Ronald McCONNELL, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1966.

---

resented by retained "capable counsel", was permitted to withdraw his plea of not guilty and not guilty by reason of insanity, and enter a plea of guilty.

 It is urged that under the circumstances, the state court, in permitting the accused to enter a plea of guilty without a proceeding to determine his competency, denied him rights guaranteed by the United States Constitution. It is also argued that McConnell's sentence is invalid because it was pronounced in the absence of his attorney, even though an associate attorney was present.

For the reasons stated by the trial court in its opinion, McConnell v. Patterson, D.C., 254 F.Supp. 921, and the Supreme Court of Colorado in McConnell v. People, Colo., 402 P.2d 75, the judgment is affirmed.

Howard K. Berry, Jr., Oklahoma City, Okl., of Berry & Berry, Oklahoma City, Okl., for appellant.

James W. Creamer, Jr., Asst. Atty., Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., and George E. DeRoos, Asst. Atty. Gen., Denver, Colo., with him on the brief), for appellee.

Before PICKETT and HICKEY, Circuit Judges, and STANLEY, District Judge.

PER CURIAM.

Appellant McConnell, a prisoner in the Colorado State Penitentiary at Canon City, Colorado, appeals from an order dismissing his petition for writ of habeas corpus entered in the United States District Court for the District of Colorado after an evidentiary hearing. McConnell, with a history of prior civil commitments to a state mental institution, while rep-