No. 22794.

Jack Von Pickrell v. The People of the
State of Colorado.
(431 P.2d 1003)

Decided October 2, 1967.

592

JACK VON PICKRELL, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,

Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error (hereafter designated as defendant or Von Pickrell) brings this writ of error directed to the order of the District Court of the City and County of Denver denying without an evidentiary hearing his motion to vacate sentence under Colo. R. Crim. P. 35(b).

Von Pickrell pleaded not guilty on July 21, 1964, to a three count information charging him with possession of narcotic drugs. On January 18, 1965, he changed his plea to guilty to two of the three counts, and was sentenced on February 25, 1965 to a 15-to-20 year term in the state penitentiary. He filed his motion to vacate sentence on November 21, 1966, which was denied on the same day. Thereafter, he filed a petition for rehearing on December 7, 1966.

Defendant's principal contention in his motion is that his plea was coerced by named police officers and by his own court-appointed attorney, and that this coercion deprived him of his rights to a jury trial and due process of law guaranteed by Amendments VI and XIV of the Federal Constitution and by Article II, Sections 16 and 25 of the Colorado constitution. His motion further alleges that illegally seized evidence was used by the state at his pre-sentence hearing in aggravation and mitigation, and that at the time his change of plea was entered, he was mentally incompetent due to the administration of tranquilizers in Denver County Jail in connection with his treatment for drug addiction.

Von Pickrell contends here that he was entitled to an evidentiary hearing to determine (1) whether illegally seized evidence was used by the People at his pre-

sentence hearing, (2) whether his guilty plea was induced by coercion, and (3) whether he was mentally competent to make a guilty plea at the time the plea was entered.

## I.

We hold that Von Pickrell's contention that the use of illegally seized evidence at his hearing in aggravation and mitigation deprived him of due process of law is without merit. We point out at the threshold that one who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure. *United States v. Zavada*, 291 F.2d 189 (6th Cir.); and see, *Bailey v. United States*, 324 F.2d 632 (10th Cir.); *United States v. Salzano*, 241 F.2d 849 (2d Cir.). Defendant argues that the trial court should have heard his motions to suppress the evidence (consisting of packages of narcotic drugs allegedly taken from his home without a warrant), and should have excluded this evidence from the hearing in aggravation and mitigation. This argument overlooks the fact that the pre-sentence hearing has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same for a pre-sentence hearing as they are for a trial at which guilt is the issue. Far greater latitude is allowed a judge in admitting evidence at a hearing on the issue of punishment than at a trial involving a determination of guilt or innocence. *Williams v. Oklahoma*, 358 U.S. 576, 79 S. Ct. 421, 3 L. Ed.2d 516; *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337. Upon the plea of guilty the defendant had already admitted the possession of the narcotics, and their introduction into evidence at the pre-sentence hearing added nothing as far as the issue of guilt was concerned. Colo. R. Crim. P. 32(b) requires that the court, before imposing sentence, give both the defendant and the state an opportunity to be heard on "any matter material to the imposition of sentence." Even assuming

the evidence in question to have been illegally seized, as defendant alleges, its use in a pre-sentence hearing following a guilty plea was not error.

## II.

■ Defendant's allegations concerning coercion and incompetence, however, stand on a different footing. They bring into question the validity of the guilty plea itself. Defendant alleges that police filed "unfounded charges" against him which they promised to dismiss if he pleaded guilty; that they threatened to prosecute defendant's wife and held a friend of defendant's in jail until the guilty plea was entered; that his own court-appointed attorney joined in coercing him into pleading guilty; that defendant was suffering from withdrawal pains due to his addiction to drugs, and that, due to treatment administered while in jail, he was "in such a state of tranquilization as to make his actions incompetent." These allegations, if proved, would be sufficient to entitle the defendant to have his sentence vacated.

■■ "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S. Ct. 510, 513, 7 L. Ed.2d 473, 478. A guilty plea is likewise invalid if the defendant was mentally incompetent at the time it was made. *Sanders v. United States*, 373 U.S. 1, 83 S. Ct. 1068, 10 L. Ed2d 148.

■ A conviction on a coerced plea of guilty "is no more consistent with due process than a conviction supported by a coerced confession." *Waley v. Johnston*, 316 U.S. 101, 104, 62 S. Ct. 964, 966, 86 L. Ed 1302, 1304. No matter how improbable these allegations of coercion made here may be, so long as they are not completely incredible, the defendant was entitled to the opportunity of trying to prove them at a hearing. *Roberts v. People*, 158 Colo. 76, 404 P.2d 848; *Machibroda v. United States, supra; Waley v. Johnston, supra; Ellison v. United States*, 324 F.2d 710 (10th Cir.); *Nipp v. United States*, 324 F.2d

711 (10th Cir.); *Teller v. United States*, 263 F.2d 871 (6th Cir.).

▆▆▆▆▆▆ It is true that bare allegations of incompetence or coercion are not sufficient to entitle a defendant to an evidentiary hearing in a 35(b) proceeding. But if Von Pickrell can show that he was under the influence of tranquilizing drugs at the time he changed his plea to guilty, to the extent that the guilty plea was not a free and voluntary act, he would be entitled to withdraw that plea and go to trial on a plea of not guilty, particularly since he alleges that he has a valid defense to the charges against him. *Sanders v. United States, supra; Ellison v. United States, supra; Nipp v. United States, supra.* Defendant's factual allegations in support of his charge of coercion would also, if proved, be sufficient to justify vacating his sentence and allowing withdrawal of his guilty plea. *Machibroda v. United States, supra; Roberts v. People, supra; Teller v. United States, supra.*

The state has not answered or attempted to refute any of the factual allegations contained in defendant's motion and brief. Instead, it argues that since the defendant has failed to submit a transcript of the hearings before the trial court, this Court must rely on "undisputed facts alleged in pleadings, findings, and orders of the trial court," and that "any facts not appearing of record and relied on by petitioner cannot be reviewed," citing *McConnell v. People,* 157 Colo. 235, 238, 402 P.2d 75, 76. The findings which the state contends are binding on this Court are contained in the trial court's order dismissing defendant's 35(b) motion:

"[A]t the time the defendant-petitioner changed his plea . . . he was asked if he had been coerced, threatened or promised by anyone to change his plea. The defendant-petitioner advised the Court that he had not been promised, coerced or threatened.

\*   \*   \*   \*

"At the time the plea of guilty was entered the de-

fendant-petitioner was specifically asked whether or not he was suffering from any mental disorder, and he replied in the negative.

"The record further shows that the defendant-petitioner was asked at the time his plea was changed if he understood where he was and what was going on, to which he replied that he did."

In substance, the trial court found from the record only that the defendant had waived his right to claim that his guilty plea resulted from coercion or incompetence. But this is not a sufficient answer to defendant's contentions. The guilty plea itself operates as a waiver of a defendant's constitutional right to a jury trial, but coercion deprives it of its effect as a waiver. *Waley v. Johnston*, 316 U.S. 101, 62 S. Ct. 964, 86 L.Ed. 1302; *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461. If the defendant was in fact under coercion or incompetent at the time he changed his plea, as he alleges, then he would be as incapable of making a free and voluntary waiver of his rights as of making a free and voluntary plea.

The state's reliance on *McConnell v. People*, 157 Colo. 235, 402 P.2d 75, in support of its assertion that the defendant was required to supply us with a record, is not well placed. The petitioner here is not seeking to rely on any facts which would appear in a transcript of the proceedings below. The very basis of his claim of error is that the trial court should have granted him an evidentiary hearing *because* the facts he alleges in his motion would *not* appear in the record. As was said in *Sanders v. United States*, 373 U.S. 1, 19-20, 83 S. Ct. 1068, 1079, 10 L. Ed.2d 148, 164:

"However regular the proceedings . . . might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights . . . For the facts on which petitioner's claim . . . is predicated are outside the record . . ."

■ The state is here contending that matters in the record conclusively show that the defendant waived his right to attack the guilty plea. It was therefore incumbent on the state to provide this Court with a transcript which showed that the trial court, at the time of the guilty plea, made such inquiry as to justify its determination without a hearing on the 35 (b) petition that defendant's plea was voluntarily made.

■ We express no opinion as to the merits of defendant's claims of coercion and incompetence. We hold only that the allegations of fact made in his motion to vacate raise issues unanswered by the state, which cannot be dismissed without affording defendant an opportunity to prove them at an evidentiary hearing.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.