The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gerald MADRID, Defendant–Appellant.

No. 94CA0699.

Colorado Court of Appeals, Div. II.

June 1, 1995.

Rehearing Denied July 6, 1995.

Certiorari Denied Jan. 8, 1996.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Randy C. Canney, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Gerald Madrid, appeals from a judgment of conviction entered upon a jury

verdict finding him guilty of aggravated robbery. We affirm.

The defendant was charged in this proceeding with aggravated robbery arising out of the robbery of an ice cream store in Lakewood, Colorado, which occurred on April 28, 1993. The robber entered the store, greeted the clerk, placed his right hand inside his jacket, told the clerk to put the money in a sack, obtained the money, apologized, and left. After the robber left, the clerk told her husband what had happened, he followed the robber, and he saw the car the robber entered. Another witness observed that the vehicle was driven by an Hispanic female.

The next day, a fast food restaurant in Westminster, Colorado, was robbed. The robber entered the store, placed his hand in his jacket pocket, and demanded that the clerk empty the cash register drawer as quickly as possible. After obtaining the money, he apologized and left. The store manager saw him get into a car similar to the one described in the ice cream store robbery, the occupant of which had been honking the horn to attract the robber's attention.

Shortly thereafter, the Westminster police stopped a vehicle matching the description of the vehicle involved in the restaurant robbery, identified the defendant as one of the occupants of the vehicle, and discovered the restaurant's money bag upon a search of the vehicle. The officers then separately brought the clerk and manager of the restaurant to the location of the stop and both identified the defendant as the robber.

While the defendant was being transported by the police, he asked the officer if the woman driving the car was in any trouble, and the officer briefly explained how the theory of complicity might apply to her. Later at the station, without prompting or inquiry, the defendant told the officer that he was solely responsible for the restaurant robbery, the driver was not involved, and that he had committed the robbery to support a drug habit. The manager of the ice cream store later identified the vehicle in which the defendant was riding at the time of his arrest as the vehicle used in the robbery of that store.

The defendant pled guilty to the restaurant robbery prior to the trial in this matter but had not been sentenced. The jury was not advised of the guilty plea.

## I.

Defendant contends that the trial court erred in admitting evidence of the restaurant robbery as similar transaction evidence. We disagree.

Following a pretrial hearing, the trial court analyzed the evidence under the principles set forth in People v. Garner, 806 P.2d 366 (Colo.1991) and People v. Spoto, 795 P.2d 1314 (Colo.1990), and concluded that the evidence was of a similar transaction and relevant as to identity. In addition, the trial court gave a precautionary instruction at the time the evidence was introduced and in the final charge to the jury.

■ Defendant concedes that the similar transaction evidence was material and relevant, but asserts that the evidence was not independent of any inference that he was a person of bad character and was thus unfairly prejudicial. This determination is addressed to the sound discretion of the trial court. People v. Willner, 879 P.2d 19 (Colo. 1994).

Our review of the record convinces us that the trial court did not abuse its discretion in allowing the use of the similar transaction evidence in this case. The robberies were of similar establishments; the actions and demands of the robber were virtually identical before, during, and after the robbery; both robbers met the same general description; and the same car was used in both robberies. The victims of the restaurant robbery positively identified the defendant as the perpetrator of the robbery. One of the victims of the ice cream store robbery positively identified the vehicle used in the restaurant robbery.

■ Here, identification was the key issue because, while the general description given by the victims fit the defendant, only the clerk identified the defendant in court and her pretrial identification was tentative. Thus, because the similar transaction evi-

dence was probative of identity, it had probative value independent of any inference that the defendant was a person of bad character. *See People v. Garner, supra.* Moreover, we cannot say that the probative value of the similar transaction evidence was outweighed by its prejudicial effect. Hence, there was no abuse of discretion and, thus, no error with respect to the admission of this evidence.

## II.

The defendant filed a motion to suppress the evidence of the one-on-one showup identification and statements made by the defendant to the arresting officer following his apprehension for, and relating to, the restaurant robbery. The motion to suppress was heard at the same hearing at which the admission of the evidence pursuant to Crim. P. 404 was considered, and was denied.

■ This challenged evidence was introduced for the limited purpose of establishing the identity of the defendant as the robber of the ice cream store. We conclude that the defendant had, by the entry of his guilty plea, waived any alleged constitutional infirmity with respect to the one-on-one showup identification and statements made by the defendant following and related to the restaurant robbery for the limited purpose for which they were used in this proceeding.

■ A plea of guilty is a judicial admission of the offense and its elements, *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and it also constitutes the waiver of substantial constitutional rights. *People v. Lesh*, 668 P.2d 1362 (Colo. 1983); *see also* 2 W. LaFave & J. Israel, *Criminal Procedure* § 20.6 (1984).

The defendant did not argue before the trial court, and does not argue on appeal, that his plea to the restaurant robbery was not knowing, intelligent, and voluntary. As previously indicated, the fact that the defendant had pled guilty to the restaurant robbery was not placed before the jury.

In *Von Pickrell v. People*, 163 Colo. 591, 431 P.2d 1003 (1967), the defendant pled guilty to two counts of possession of narcotic drugs and was sentenced to the state penitentiary. He subsequently brought a motion to vacate his sentence pursuant to Crim. P. 35(a) which was denied without a hearing. In his motion, he alleged that it was error for the trial court to hear and rely on evidence which was seized in violation of his constitutional rights. The supreme court stated:

> We hold that Von Pickrell's contention that the use of illegally seized evidence at his hearing in aggravation and mitigation deprived him of due process of law is without merit. We point out at the threshold that one who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure.... Upon the plea of guilty the defendant had already admitted the possession of the narcotics, and their introduction into evidence at the pre-sentence hearing added nothing as far as the issue of guilt was concerned.... Even assuming the evidence in question to have been illegally seized, as defendant alleges, its use in a pre-sentence hearing following a guilty plea was not error.

*Von Pickrell v. People*, 163 Colo. at 595–96, 431 P.2d at 1005.

In a more recent instance, a defendant charged with attempted first degree murder and burglary successfully moved in the trial court for suppression of certain evidence, but that ruling was reversed by the supreme court. *People v. Waits*, 196 Colo. 35, 580 P.2d 391 (1978). Subsequently, Waits pled guilty, but shortly thereafter, in *People v. Thomas*, 660 P.2d 1272 (Colo.1983), the supreme court expressly overruled its holding in *Waits, supra.*

Waits then filed a Crim.P. 35(c) motion to set aside his plea in part because it was induced by his belief that the evidence was admissible. On review of a denial of the Crim P. 35(c) motion, the supreme court held that *Thomas* should not be given retroactive application and further concluded that:

> Even if we were to apply *Thomas* retrospectively, in this case by pleading guilty the defendant waived any argument about illegally seized evidence. The general rule is that a defendant who pleads guilty is precluded from attacking his plea on the

ground that evidence was seized in an illegal search and seizure unless a right to challenge the plea is preserved by statute.

*Waits v. People,* 724 P.2d 1329, 1337 (Colo. 1986).

■ We conclude that the defendant, by the entry of his plea of guilty, has waived the right to challenge the constitutionality of the evidence gathering process and to seek the exclusion of the resulting evidence, when it is offered for the purpose of establishing identity and common scheme and design in a similar but unrelated matter. In our view, this conclusion follows naturally from the conclusion that the constitutional infirmities of the evidence cannot be used to challenge the validity of a guilty plea nor can they be appealed absent a reservation of the right to appeal.

Judgment affirmed.

CRISWELL and BRIGGS, JJ., concur.