COLORADO COURT OF APPEALS                                      **2016COA139**

Court of Appeals No. 15CA1462
Baca County District Court No. 13CR12
Honorable Stanley A. Brinkley, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Curtis Lynn Foos,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE FREYRE
Taubman and Plank*, JJ., concur

Announced September 22, 2016

Cynthia H. Coffman, Attorney General, Joseph G. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Law Offices of Les S. Downs, Les S. Downs, Trinidad, Colorado, for Defendant-
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1    Defendant, Curtis Lynn Foos, appeals the district court's restitution order.  We affirm.

## I.    Background

¶ 2    In 2011, Foos filed for bankruptcy.  The United States Bankruptcy Court entered an order of discharge resulting in a complete discharge of Foos' debts.

¶ 3    In 2013, Foos was charged with two counts of felony theft and one count of defrauding a secured creditor.  Prior to his bankruptcy proceedings, Foos owed money to the victims identified in each of the three counts.

¶ 4    The district attorney who brought the charges was later recused from the case because her husband's company was a creditor in the Foos bankruptcy proceeding, as were the three alleged victims in the criminal complaint.  The court appointed a special prosecutor from another judicial district who elected to move forward with the charges.

¶ 5    After the appointment of the special prosecutor, Foos pleaded guilty to the charge of defrauding a secured creditor in exchange for the prosecution dismissing the two counts of felony theft.  The

parties stipulated to a three-year deferred judgment and sentence with a requirement for full restitution. After a hearing, the district court ordered Foos to pay restitution of $58,047.13 to Perry Huffman.

## II.    Restitution Order

¶ 6    Foos contends that the district court erred in ordering him to pay restitution for three reasons: (1) Foos had previously discharged his debt to Huffman in bankruptcy; (2) Foos was prosecuted in bad faith; and (3) Foos was ordered to pay restitution for a count to which he did not plead guilty. We disagree.

### A.    Standard of Review

¶ 7    The trial court has broad discretion in setting the terms and conditions of restitution, and, absent a showing that the court abused its discretion by misconstruing or misapplying the law, we will not disturb its ruling. *People v. Reyes,* 166 P.3d 301, 302 (Colo. App. 2007).

### B.    Timing of Bankruptcy Discharge

¶ 8    Foos contends that the district court erred in ordering him to pay restitution because he discharged his debts through bankruptcy prior to charges being filed against him.

## 1.    Applicable Law

¶ 9      Colorado's restitution statute expressly states that restitution orders are not dischargeable in bankruptcy.  § 18-1.3-603(4)(d), C.R.S. 2015 ("Any order of restitution imposed shall be considered a debt for 'willful and malicious' injury for purposes of exceptions to discharge in bankruptcy as provided in 11 U.S.C. sec. 523.").

¶ 10     Our supreme court has also held that "[t]he fact that the defendant's personal liability . . . was discharged in the United States Bankruptcy Court does not preclude restitution."  *People v. Milne*, 690 P.2d 829, 837 (Colo. 1984).  The defendant in *Milne* was unable to repay investment notes, declared bankruptcy, and had his liability to the holders of the notes discharged.  *Id.* at 832.  He was later charged and convicted of selling securities without a license.  *Id.* at 833.  Our supreme court concluded that the district court did not err in ordering the defendant to pay restitution to the unpaid noteholders as a condition of his probation.  *Id.* at 838.

¶ 11     In reaching this conclusion, the court explained the differing goals behind the restitution and bankruptcy statutes.  *Id.* at 837.  "An order requiring the payment of restitution as a condition of probation is as much a part of a criminal sentence as a fine or other

penalty." *Id.* As such, "[r]estitution does not create a debt or a debtor-creditor relationship between the defendant and the victim, and it is not intended as a substitute for a civil action for damages." *Id.* In contrast, the bankruptcy laws "are designed to provide financial relief to overly extended debtors." *Id.* A discharge in bankruptcy insulates "a debtor from liability on any civil claim for payment arising out of the discharged debt." *Id.* Accordingly, the supreme court concluded that "[i]nasmuch as the bankruptcy laws are not intended to relieve a defendant from the legal consequences of a criminal conviction, monetary penalties imposed for the violation of criminal laws . . . are not dischargeable in bankruptcy." *Id.*

¶ 12 The supreme court also specifically addressed the "validity of an order of restitution following a discharge in bankruptcy[.]" *Id.* The court relied on a Fifth Circuit Court of Appeals case which held that the discharge of a defendant's debt did not prohibit the district court from subsequently conditioning the defendant's probation on the payment of restitution. *Id.* (citing *United States v. Carson*, 669 F.2d 216, 218 (5th Cir. 1982)). Based on *Carson*, the supreme court held that the district court did not err in ordering the

4

defendant to pay restitution as a condition of his probation, despite the fact that his liability to the holders of the notes had previously been discharged. *Id.* at 838.

¶ 13     Our supreme court's holding in *Milne* is consistent with the United States Supreme Court's holding in *Kelly v. Robinson,* 479 U.S. 36, 50 (1986), where a criminal defendant sought to discharge the restitution order in her criminal case in a Chapter 7 bankruptcy proceeding. The Supreme Court held that "any condition a state criminal court imposes as part of a criminal sentence" is not dischargeable in bankruptcy proceedings. *Id.*

## 2.     Application

¶ 14     Foos acknowledges that § 18-1.3-603(4)(d) precludes the discharge of a restitution order in bankruptcy proceedings. He argues that the statute does not apply, however, because he discharged his debt *before* criminal charges were filed against him, and because he is not seeking discharge of a restitution order in bankruptcy proceedings. He also argues that *Milne* does not apply because it was decided before the General Assembly enacted § 18-1.3-603. However, because the restitution statute does not conflict with the holding in *Milne*, we have no reason to believe that the

General Assembly intended to overturn *Milne* and conclude that we are bound by its holding in resolving this case. *See People v. McCullough*, 6 P.3d 774, 778 (Colo. 2000) ("[W]e assume that the General Assembly was apprised of existing case law.").

¶ 15    The facts of this case are analogous to those in *Milne*. In 2012, the United States Bankruptcy Court discharged Foos' debt against the three victims in this case. The following year, Foos was charged with three felony counts. In 2015, Foos resolved these counts by pleading guilty to one count of defrauding a secured creditor. As part of his sentence, Foos was ordered to pay restitution.

¶ 16    As the supreme court held in *Milne*, it is proper for a court to issue "an order of restitution following a discharge in bankruptcy[.]" *Milne*, 690 P.2d at 837. Restitution is part of a criminal sentence and does not create a debtor-creditor relationship between the defendant and the victim. *Id.* Because restitution serves a different purpose than bankruptcy, the district court's ability to order Foos to pay restitution as part of his sentence was not altered by the bankruptcy court discharging the debt Foos owed to his creditors.

*See id.* Accordingly, the district court did not err in ordering Foos to pay restitution.

### C. Bad Faith Prosecution

¶ 17 Foos next contends that he should not have been ordered to pay restitution because the charges against him were brought in bad faith.

¶ 18 In making this argument, Foos relies on language from *In re Williams*, 438 B.R. 679, 692 (B.A.P. 10th Cir. 2010), in which the court discussed the possibility of "criminal prosecution in bad faith in order to 'coerce' the payment of a discharged debt." The court explained that "a 'cozy relationship' between the creditor and the prosecutor might indicate that the motive of the prosecutor is solely to benefit the creditor, and not to vindicate the public interest." *Id.* at 693. In such a scenario, "a debtor might be able to state a cause of action to *enjoin* the proceeding as a violation of the discharge[.]" *Id.*

¶ 19 We reject Foos' argument because the facts in this case differ from the hypothetical described in *Williams*. While it is undisputed that the original prosecutor had a "cozy relationship" with Foos' creditors, the court replaced her with a special prosecutor who had

7

no personal connection to the case. The special prosecutor's independent decision to move forward with the case demonstrates that the charges were not brought "in bad faith in order to 'coerce' the payment of a discharged debt." *See id.* at 692.

¶ 20    Additionally, Foos waived his right to challenge the validity of the charges by pleading guilty. *See People v. Madrid*, 908 P.2d 1167, 1169 (Colo. App. 1995) ("A plea of guilty is a judicial admission of the offense and its elements and it also constitutes the waiver of substantial constitutional rights.") (citation omitted). Foos did not argue before the district court and does not argue now that his plea was not knowing, intelligent, and voluntary. Accordingly, Foos cannot demonstrate that the prosecution was baseless because he admitted to committing the offense by pleading guilty. *See id.*

## D.    Dismissed Charges

¶ 21    Foos contends that he should not have been ordered to pay restitution to Huffman because Huffman was listed as a victim in one of the theft counts that was dismissed as part of his plea agreement. While Foos does not fully develop this argument on appeal, his argument is clearly contrary to Colorado case law,

8

which holds that a victim, for purposes of restitution, does not have to be one of the named victims of a conviction. *See People v. Borquez*, 814 P.2d 382, 384 (Colo. 1991) ("[A] criminal conviction establishing the defendant's culpability is not required in order to impose restitution."); *see also People v. Ortiz*, 2016 COA 58, ¶ 16 (same); *People v. Daly*, 313 P.3d 571, 577 (Colo. App. 2011) ("[A] restitution order may properly include losses a victim incurred resulting from a defendant's uncharged acts.").

## III.    Conclusion

¶ 22    The order of the district court is affirmed.

JUDGE TAUBMAN and JUDGE PLANK concur.