The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Keith P. **SPROWL**, Defendant–Appellant.

No. 86CA1313.

Colorado Court of Appeals, Div. 1.

Sept. 7, 1989.

Rehearing Denied Sept. 28, 1989.

Certiorari Denied April 2, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. and Paul H. Chan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Keith Patrick Sprowl, appeals the judgment of conviction entered upon jury verdicts finding him guilty of (1) conspiracy to possess, sell, or distribute cocaine; (2) possession of eight ounces or more of marijuana; (3) possession of marijuana with intent to sell or distribute; (4) conspiracy to possess, sell, or distribute marijuana; and (5) unlawful cultivation of marijuana. We reverse and remand for a new trial.

On April 3, 1985, the Denver District Court issued an order authorizing the interception of certain telephone communications. As a result of information primarily derived from the wiretap, law enforcement officials on April 17, 1985, obtained arrest warrants for twenty-six individuals, including defendant.

On April 24, 1985, a police officer went to defendant's residence to execute the arrest warrant. When defendant came to the front door, the officer identified himself and stated that he wished to speak with defendant. Defendant agreed to do so, but first went back into his house and closed the doors to several rooms. Defendant then returned to speak with the officer, closing the front door behind him as he exited the house. The officer arrested defendant and then entered the house to determine whether another person was inside.

After entering the house, the officer saw marijuana leaves in a trash can, and he heard sounds emanating from the basement which he thought indicated the operation of a fan and a pump. The officer relayed this information to other law enforcement officials, who in turn obtained a search warrant for defendant's residence. The search resulted in the seizure of numerous marijuana plants and over twelve grams of cocaine.

Defendant moved to suppress the evidence derived as a result of the wiretap authorized on April 3, 1985. The trial court ruled that the evidence obtained from the wiretap was inadmissible because the wiretap order of April 3, 1985, was issued without authorization. The trial court also

ruled that the warrantless entry of defendant's residence constituted an illegal search, and that, without the information obtained from the illegal search, there was no probable cause to support the issuance of a search warrant.

The People appealed the suppression order. Our supreme court reversed the trial court's order suppressing the wiretap evidence and remanded the case for an evidentiary hearing on the issues of whether the warrantless entry of defendant's residence was illegal and whether the evidence obtained pursuant to the search warrant should be suppressed as the illegal fruits of the initial entry. *People v. Sprowl,* 718 P.2d 524 (Colo.1986).

On remand the trial court conducted an evidentiary hearing on defendant's motion to suppress. The People conceded, and the trial court found, that the warrantless entry of defendant's residence was not based on exigent circumstances and was therefore illegal. The trial court then reviewed the affidavits submitted in support of the request for the search warrant. After excising the information obtained from the warrantless entry, the trial court found that the remaining facts failed to establish probable cause to believe that contraband would be found at defendant's residence. However, the court concluded that the legally obtained information presented in the affidavits, together with "the fact of the defendant's extensive activity throughout this investigation," established probable cause to search defendant's residence for evidence "other than contraband." Although the search warrant was issued for the seizure of marijuana, cocaine, related paraphernalia and property "tending to establish the identity of persons in control of contraband ..." the trial court denied the motion to suppress the evidence obtained pursuant to the search warrant.

Relying on *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988), defendant contends the evidence seized from his residence was inadmissible because the warrant authorizing the search was supported by information illegally obtained by the police during their initial entry of his home. We agree.

The exclusionary rule prohibits the introduction of evidence that has been acquired as a result of a violation of the Fourth Amendment. *See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *People v. Hogan,* 649 P.2d 326 (Colo.1982). Under the "independent source" exception to the exclusionary rule, evidence which has been discovered through illegal police conduct will nonetheless be admissible if it has also been discovered "by means wholly independent of any constitutional violation." *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *see Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

Thus, in situations in which an unconstitutional search has preceded a search pursuant to a warrant, evidence seized during the second search will be admissible under the independent source doctrine only if the warrant search is found to be independent of the initial illegality. *People v. Turner,* 660 P.2d 1284 (Colo.1983). However, under the Supreme Court's decision in *Murray v. United States, supra,* a search pursuant to a warrant cannot be considered an independent source of evidence if the decision to obtain the warrant was prompted by observations made during a prior illegal search, or if information acquired during the initial search was presented to the magistrate and affected his decision to issue the warrant. *See also People v. Schoondermark,* 759 P.2d 715 (Colo.1988).

Here, the affidavits filed in support of the request for a search warrant included information obtained during the warrantless search of defendant's residence. The remaining statements in the affidavits established the following: (1) prior to moving into his residence, defendant had been involved in drug transactions at other locations; (2) on the day of defendant's arrest, the police had intercepted a telephone call in which a suspected drug dealer stated that he had delivered "things" to defendant; and (3) immediately prior to his arrest, defendant exited his residence and

"carefully closed the door behind him in an apparent effort to conceal something, either persons or property, inside of the residence."

In our view, this information is insufficient to establish probable cause that evidence of a crime would be found at defendant's residence. Under these circumstances, it cannot be said that the information gained from the initial entry of defendant's residence failed to influence the decision to issue a search warrant. We therefore conclude that the evidence seized during the warrant-authorized search was inadmissible.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE, J., concurs.

VAN CISE, J.,* dissents.

Judge VAN CISE, dissenting.

I respectfully dissent.

The People assert that suppression of the evidence seized in defendant's house is not required merely because the supporting affidavit contained some improper information. I agree with the People.

Contrary to defendant's argument, after deleting the improper information from the affidavit, the other facts set forth therein, and other documents referenced therein, all obtained before the illegal entry, show probable cause to search and support the issuance of the warrant and the seizure of the evidence. *See People v. McFall*, 672 P.2d 534 (Colo.1983) (the validity of a search warrant does not turn upon the mere existence of unlawfully obtained information in the affidavit); *People v. Dailey*, 639 P.2d 1068 (Colo.1982) (a valid search warrant may issue if the information lawfully obtained, considered by itself, establishes probable cause to issue the warrant); *People v. Hampton*, 196 Colo. 466, 587 P.2d 275 (1978) (the fact that some portions of an affidavit are erroneous does not require that the remainder be ignored).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

Furthermore, from the facts and circumstances of this case, as indicated by the affidavit and the referenced documents, it is apparent that the police would have sought a warrant even if they had not first entered the house. *See People v. Schoondermark*, 759 P.2d 715 (Colo.1988). *See also Murray v. United States*, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Therefore, the trial court properly refused to suppress the evidence.

The judgment of conviction should be affirmed.