590 P.2d 464

**The STATE of Arizona, Appellee,**

v.

**Anselmo Avelarde VALENZUELA, Eddie Uribe Sanchez and John Hernandez, Jr., Appellants.**

**No. 2 CA–CR 1437.**

Court of Appeals of Arizona, Division 2.

Nov. 24, 1978.

Rehearings Denied Jan. 17, 1979.

Reviews Denied Feb. 6, 1979.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Michael J. Aboud, Tucson, for appellant Valenzuela.

John M. Neis, Pima County Public Defender by Donald H. Bayles, Jr., Asst. Public Defender, Tucson, for appellant Sanchez.

Harley D. Kurlander, Tucson, for appellant Hernandez.

## OPINION

HOWARD, Judge.

On July 25, 1977, a witness observed appellants breaking into a coin box in a carwash. The witness drove up behind the vehicle being used by appellants and copied the license number. Appellants saw this activity and proceeded towards the witness' vehicle. The witness became frightened and drove to a nearby convenience mart where he called the police department. He subsequently observed appellants' car as it sped away from the carwash in a reckless manner and at a high rate of speed. The witness noted that another vehicle had to swerve violently to avoid colliding with appellants' vehicle. A short distance away another witness was forced to "slam" on the brakes to avoid colliding with appellants' vehicle. The witness estimated the speed of the car as it proceeded on Ajo Way over the freeway overpass at between 80 and 95 mph. At the crest of the overpass appellants' vehicle collided with a station wagon which was making a left-hand turn from the freeway exit into the westbound lane of Ajo Boulevard. Two occupants of the station wagon, the driver and a small child, died at the scene of the accident.

Appellants were originally charged with two counts of first-degree murder, one count of breaking into a coin-operated contrivance, one count of second-degree burglary, and one count of petty theft.

Appellants entered into a plea agreement whereby they agreed to plead no contest to voluntary manslaughter. A.R.S. Sec. 13–456(A)(1); A.R.S. Sec. 13–457(A). The motivation for the agreement was the fear that they could be found guilty of first-degree murder under the felony murder rule, A.R.S. Sec. 13–452, if the carwash was a building under A.R.S. Sec. 13–302. Before accepting their pleas the trial court ascertained that the state had agreed with appellants that if they entered no contest pleas, the question of whether the carwash was a building could still be raised on appeal. The trial court questioned appellants as to their understanding that the issue could still be raised. It then found as a matter of law that the carwash was a building under A.R.S. Sec. 13–302 and accepted their pleas in accordance with this agreement. Hence this appeal raises the issue which they claim has been preserved. If a carwash was not a building subject to burglary, they assert there was no "factual" basis for their pleas and under Rule 17.3, 17 A.R.C.P., their pleas should be set aside.

When a defendant enters a plea of no contest he waives all non-jurisdictional defenses preceding the entry of the plea. He may not by express stipulation or otherwise reserve for appeal non-jurisdictional defects under such a plea. *State v. Arnsberg*, 27 Ariz.App. 205, 553 P.2d 238 (1976). There was no necessity to find that the carwash was a building in order to find a factual basis for the pleas to voluntary manslaughter.

The status of the carwash was a question of law, not fact. The entry of the pleas waived any further consideration of the question, just as the entry of a plea waives the question of whether the trial court is correct in suppressing evidence. *State v. Arnsberg*, supra.

However, our examination of the record discloses that there was no factual basis for the court accepting a plea to a violation of A.R.S. Sec. 13–456(A)(1) which is voluntary manslaughter "upon a sudden quarrel or heat of passion." The facts here show a violation of A.R.S. Sec. 13–456(A)(3) which governs manslaughter committed in the driving of a vehicle. The punishment authorized by this section is much less than that authorized and imposed by the court for a violation of A.R.S. Sec. 13–456(A)(1). See A.R.S. Sec. 13–457. Therefore, the trial court erred in accepting the pleas.

The convictions and sentences are vacated with directions to set aside the pleas and to reinstate the original charges.

RICHMOND, C. J., and HATHAWAY, J., concur.