Hillsborough
No. 81-040

THE STATE OF NEW HAMPSHIRE

v.

KIRK PARKHURST

September 28, 1981

Gregory H. Smith, attorney general (Paul Barbadoro, attorney, on the brief), by brief for the State.

James E. Duggan, appellate defender, by brief for the defendant.

BATCHELDER, J. This appeal comes before us following the defendant's plea of guilty to burglary. The record reveals a conditional plea bargain. The plea was conditioned upon a reservation of the right to appeal the denial of a motion to suppress which raised constitutional issues about evidence seized during the arrest. The defendant had been arrested and later indicted for the burglary of Barbara's Restaurant in Nashua. The motion to suppress evidence was denied by Goode, J., with exception noted. The defendant then pleaded guilty to the indictment, but specifically reserved the right to appeal the court's ruling on the motion to suppress. He was then sentenced on October 15, 1980. Because New Hampshire does not recognize a conditional guilty plea, we decline review and remand this case to the superior court for further action.

A plea of guilty ordinarily waives numerous constitutional rights. Nichols v. Helgemoe, 117 N.H. 57, 59, 369 A.2d 614, 616 (1977); see Boykin v. Alabama, 395 U.S. 238, 242 (1969).

Unlike several other states (see, e.g., CAL. PENAL CODE § 1538.5(m) (West Supp. 1979); N.Y. CRIM. PROC. LAW § 710.70(2) (McKinney 1971); WIS. STAT. § 971.31(10) (1980)), New Hampshire does not have a statute which permits a conditional plea of guilty while still preserving appellate review of suppression motions.

This court will not permit the use of conditional guilty pleas. Some jurisdictions allow such pleas. See, e.g., United States v. Moskow, 588 F.2d 882, 888–90 (3d Cir. 1978); United States v. Burke, 517 F.2d 377, 379 (2d Cir. 1975); State v. Lain, 347 So. 2d 167, 169 (La. 1977). See also ABA STANDARDS FOR CRIMINAL JUSTICE, Standard 21-1.3(c), at 21-11 (2d ed. 1980). We join the other jurisdictions that continue to follow the common-law rule that a guilty plea waives all but jurisdictional defects. See, e.g., State v. Dorr, 184 N.W.2d 673, 674 (Iowa 1971); State v. Turcotte, 164 Mont. 426, 429–30, 524 P.2d 787, 789 (1974); Kilpper v. State, 491 S.W.2d 117, 118 (Tex. Crim. App. 1973).

Permitting a defendant to proclaim his guilt in open

court and still avoid conviction is incompatible with the sound administration of justice. We "cannot endorse the use of a conditional guilty plea to test the government's ability to prove what has already been admitted." *United States v. Moskow*, 588 F.2d at 894 (Stern, J., dissenting). Although some justify the use of conditional guilty pleas in the name of "judicial economy," *see* Note, *Conditional Guilty Pleas*, 93 HARV. L. REV. 564, 572–73 (1980), we believe that such a practice can only undermine the public's confidence in the integrity of the criminal justice system.

Because the defendant's guilty plea is defective, we refuse to decide the merits of the suppression motion. Consequently, we remand this case to the superior court where the defendant may either withdraw his plea and proceed to trial, or waive his right to appellate review of the motion to suppress and be resentenced.

*Remanded.*

All concurred.