**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Shane Aaron NEUHAUS, Defendant–Appellant.**

No. 07CA0896.

Colorado Court of Appeals, Div. II.

Nov. 25, 2009.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Lynn Noesner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

This case involves a conditional guilty plea that allowed a defendant to preserve the right to appeal a trial court order denying a motion to suppress. We conclude that the issue whether conditional guilty pleas should be authorized has not been definitively answered by our supreme court.

As a result, we must decide, for the purposes of resolving this case, whether they are authorized. To resolve this issue, we first analyze the status of conditional guilty pleas throughout the United States. Our survey establishes that many states have statutes or rules authorizing conditional guilty pleas.

Because Colorado does not have a statute or court rule authorizing conditional guilty pleas, we must, therefore, turn to an analysis of existing case law concerning guilty pleas to determine their nature. This analysis leads us to conclude that, as a matter of legal doctrine, guilty pleas in Colorado are designed to waive the right to attack most pretrial decisions, including orders denying defendants' motions to suppress. Regarding guilty pleas from this perspective, we conclude that Colorado law does not presently provide for conditional guilty pleas. Therefore, we dismiss this appeal.

## I. Background

Defendant, Shane Aaron Neuhaus, was charged with two counts of menacing under

section 18–3–206(1)(a) & (b), C.R.S., 2009, one count of possession of a weapon by a previous offender under section 18–12–108(1), (2)(c), C.R.S.2009, and three counts of possession of a weapon by a previous juvenile offender under section 18–12–108(3), C.R.S. 2009. These charges were based upon items found in a warrantless search of a car that defendant had been driving. The search turned up a rifle, a shotgun, and ammunition for both weapons.

Defendant filed a pretrial motion to suppress evidence of the weapons and ammunition at trial. The trial court denied it.

The trial court then granted defendant's motion to sever the menacing counts, and presided over a jury trial on them. Defendant was acquitted.

The parties then entered into a plea disposition to resolve the remaining counts. Defendant pled guilty to one count of possession of a weapon by a previous offender, and the prosecution dismissed the rest. The court approved the parties' stipulation that, as a result of this plea, defendant would be sentenced to fifteen months imprisonment to be served consecutively to the sentence in another case, plus one year of parole.

The disposition included the express condition that defendant was permitted to appeal the trial court's ruling on his suppression motion. The parties stated that the results of the appeal would be "dispositive" of the charges, meaning that, if defendant were successful, the subsequent suppression of the evidence would deprive the prosecution of sufficient evidence to go forward with the case. If this court were to reverse the trial court's order denying the suppression motion, the prosecution would allow defendant to withdraw his guilty plea and would dismiss the charges.

Defendant appealed to this court. After the completion of briefing, we ordered the parties to file supplemental briefs. As pertinent to our resolution of this appeal, we asked (1) whether the plea agreement was a conditional plea; and (2) if so, whether we have authority to review the suppression issue.

## II. Colorado Cases Discussing Conditional Guilty Pleas

Plea dispositions serve a salutary purpose in our criminal justice system. They

> lead[ ] to prompt and largely final disposition of most criminal cases; ... avoid[ ] much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; ... protect[ ] the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, [they] enhance[ ] whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The general rule is that a valid guilty plea waives all nonjurisdictional objections, including allegations that constitutional rights have been violated. A defendant has no right to raise a constitutional claim after pleading guilty unless such a claim relates directly to the guilty plea's adequacy. *See People v. Isham,* 923 P.2d 190, 195 (Colo. App.1995).

One exception to this general rule that has been adopted by other jurisdictions is the conditional guilty plea. One form of conditional guilty plea "allows the defendant to plead guilty, thus avoiding a trial which would serve no purpose, while expressly preserving the right to appeal the denial of his motion to suppress evidence on constitutional grounds." Note, *Conditional Guilty Pleas,* 93 Harv. L.Rev. 564, 566 (1980).

Several Colorado cases have discussed conditional guilty pleas. In *People v. Pharr,* 696 P.2d 235, 236 (Colo.1984), a defendant entered a conditional guilty plea that purported to preserve the right to appeal the constitutionality of the statute establishing the crime with which he was charged. Our supreme court "specifically disapprove[d]" of this procedure because it was not "recognized by either rule or statute." *Id.* Subsequently, in *Waits v. People,* 724 P.2d 1329, 1337 (Colo. 1986), the supreme court stated that a guilty plea precludes a defendant from attacking

the plea on the ground that the seizure of evidence was the product of an illegal search "unless a right to challenge the plea is preserved by statute." *Id.*

In *People v. Bachofer,* 85 P.3d 615, 617 (Colo.App.2003), a division of this court concluded:

> We perceive no prohibition of the [conditional guilty plea] agreement used here and conclude that in the interest of judicial economy, there is no justification for barring a stipulation whereby a defendant pleads guilty to a charge on the condition that he or she may nevertheless seek review of an adverse pretrial ruling that directly affects the charge.

Two years after *Bachofer* was decided, our supreme court referred to it in *People v. McMurtry,* 122 P.3d 237, 242–43 (Colo.2005). The court cited *Pharr,* and then noted that it had "never explicitly endorsed" the use of such pleas. *Id.* at 243. However, because the plea at issue in *McMurtry* was not a conditional plea, the court stated that it would "leave to another day the issue of whether the conditional plea is an acceptable practice in Colorado." *Id.*

This case presents us, as a division of the Court of Appeals, with that day. We turn to a survey of other jurisdictions to see how they treat conditional guilty pleas.

### III. Conditional Guilty Pleas Throughout the United States

Debate over the propriety of conditional guilty pleas began in earnest in the early 1970s. Federal circuits eventually fractured over whether such pleas were authorized by law. The Second and Third Circuits approved of them. *United States v. Moskow,* 588 F.2d 882, 888–90 (3d Cir.1978); *United States v. Burke,* 517 F.2d 377, 378–79 (2d Cir.1975); *United States ex. rel. Rogers v. Warden,* 381 F.2d 209, 214 (2d Cir.1967). The Eighth and District of Columbia Circuits praised the concept, although the Eighth Circuit thought its adoption would best be accomplished by a statute, a court rule, or a decision of the Supreme Court. *United States v. Clark,* 459 F.2d 977, 978 (8th Cir. 1972); *United States v. Dorsey,* 449 F.2d 1104, 1108 n. 18 (D.C.Cir.1971). The Fourth,

Fifth, Sixth, Seventh, Ninth, and Tenth Circuits found conditional guilty pleas to be improper. *Benson,* 579 F.2d at 509–11; *United States v. Nooner,* 565 F.2d 633, 634 (10th Cir.1977); *United States v. Brown,* 499 F.2d 829, 832 (7th Cir.1974); *United States v. Sepe,* 486 F.2d 1044, 1045 (5th Cir.1973); *United States v. Matthews,* 472 F.2d 1173, 1174 (4th Cir.1973); *Cox,* 464 F.2d at 941–42. The First Circuit reserved judgment. *United States v. Warwar,* 478 F.2d 1183, 1185 n. 1 (1st Cir.1973).

This split was resolved by the creation of Fed.R.Crim.P. 11(a)(2) in 1983. Although the Committee Note to this 1983 amendment indicate that a few jurisdictions, such as California, New York, and Wisconsin, had statutes or court rules authorizing conditional pleas before the amendment's passage, our research reveals that, as of now, at least thirty-two jurisdictions, including federal courts and the United States military, have approved of conditional guilty pleas.

Presently, conditional guilty pleas are authorized in three different ways. Ten jurisdictions have statutes. *See* Cal.Penal Code §§ 1237.5 & 1538.5(m); Conn. Gen.Stat. §§ 54–94a & 61–6(a)(2)(ii); Mont.Code Ann. § 46–12–204(3); Nev.Rev.Stat. § 174.035(3); N.Y.Crim. Proc. Law § 710.70; N.C. Gen. Stat. § 15A–979(b); Ore.Rev.Stat. § 135.335(3); Tex.Code Crim. Proc. Ann. arts. 44.02 & 11(i) & Tex.R.App. P. 25.2(A); Va.Code Ann. § 19.2–254; Wis. Stat. § 971.31(10).

Sixteen jurisdictions authorized conditional guilty pleas for the first time by court rules. *See* Fed.R.Crim.P. 11(a)(2); Rule for Courts–Martial 910(a)(2); Ark. R.Crim. P. 24.3(b); D.C.Super. Ct. R.Crim. P. 11(a)(2); Fla. R.App. P. 9.140(b)(2)(A)(i); Haw. R. Penal. P. 11(a)(2); Idaho R.Crim. P. 11(a)(2); Ky. R.Crim. P. 8.09; Me. R.Crim. P. 11(a)(2); N.J. R.Crim. P. 3:9–3(f); N.D. R.Crim. P. 11(a)(2); Ohio R.Crim. P. 12(I); Tenn. R.Crim. P. 37(b)(2)(A); Vt. R.Crim. P. 11(a)(2); W. Va. R.Crim. P. 11(a)(2); Wyo. R.Crim. P. 11(a)(2).

Six jurisdictions adopted conditional guilty pleas by judicial decision. Four of them, Alabama, Michigan, New Mexico, and Utah,

also subsequently promulgated court rules. *See Sawyer v. State,* 456 So.2d 110, 110–11 (Ala.Crim.App.1982), *rev'd after record supplemented,* 456 So.2d 112, 113 (Ala.1983), & Ala. R.Crim. P. 26.9(b)(4); *Cooksey v. State,* 524 P.2d 1251, 1255–56 (Alaska 1974), *disapproved of on other grounds by Miller v. State,* 617 P.2d 516, 519 n. 6 (Alaska 1980); *People v. Reid,* 420 Mich. 326, 332–35, 362 N.W.2d 655, 658–60 (1984), & Mich. R.Crim. P. 6.301(C)(2); *State v. Crosby,* 338 So.2d 584, 586–92 (La.1976); *State v. Hodge,* 118 N.M. 410, 414–17, 882 P.2d 1, 5–8 (1994), & N.M. Dist. Ct. R.Crim. P. 5–304; *State v. Sery,* 758 P.2d 935, 938–40 (Utah Ct.App. 1988), & Utah R.Crim. P. 11(j).

One state, Georgia, authorized conditional guilty pleas by judicial decision, but, in less than three years, changed its mind because the procedure did not achieve the intended results. *Mims v. State,* 201 Ga.App. 277, 278–79, 410 S.E.2d 824, 825–26 (1991) (authorizing conditional guilty pleas from different kinds of court rulings, setting forth procedures); *Hooten v. State,* 212 Ga.App. 770, 770–75, 442 S.E.2d 836, 837–41 (1994) (conditional guilty pleas would no longer be authorized).

Thus, of the thirty-two jurisdictions authorizing conditional guilty pleas, only two rely exclusively on judicial decisions for that authority.

The language of Fed.R.Crim.P. 11(a)(2) is largely representative of other statutes and court rules. It states:

> With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

There are, however, some variations. For example, Tenn. R.Crim. P. 37(b)(2)(A)(iv) requires that, as a predicate to an appeal from a conditional guilty plea, the parties and the trial court must be "of the opinion that the certified question is dispositive of the case." Although Fed.R.Crim.P. 11(a)(2) does not contain similar language, it has been interpreted to require that the issue preserved for appeal be dispositive of the case. *United States v. Wong Ching Hing,* 867 F.2d 754, 758 (2d Cir.1989).

We next look to Colorado to see whether our statutes or court rules authorize conditional guilty pleas.

## IV. Colorado Statutes and Rules

Sections 16–7–206, –207, & –301, C.R.S. 2009, and Crim. P. 11, which address guilty pleas and plea negotiations, make no reference to conditional guilty pleas. Section 16–7–301(2)(a)–(e) and Crim. P. 11(f)(2)(I)-(III) authorize a prosecutor to make certain agreements in the course of plea negotiations, but conditional guilty pleas are not mentioned. The statutes and court rules governing appeals and postconviction proceedings likewise do not state that a defendant may raise such a challenge. § 16–12–101, C.R.S.2009 (review of proceedings resulting in conviction); C.A.R. 4(b) (appeals in criminal cases); § 18–1–410, C.R.S.2009 (postconviction remedy); Crim. P. 35(c) (postconviction remedies).

Under section 16–12–102(2), C.R.S.2009, and C.A.R. 4.1(a), the prosecution is authorized to take interlocutory appeals to the supreme court if a trial court suppresses evidence for reasons enumerated in section 16–12–102(2), Crim. P. 41(e) & (g), and Crim. P. 41.1(i). These reasons include suppression orders based on determinations that evidence was seized in an illegal search. § 16–12–102(2); Crim. P. 41(e)(1).

The statute and the court rule do not provide defendants with a right to an interlocutory appeal, and the supreme court has repeatedly ruled that defendants are not entitled to interlocutory relief under the statute and rule. *People v. Weston,* 869 P.2d 1293, 1297 (Colo.1994)(citing several cases reaching the same result). Therefore, if a district court resolves a suppression issue against a defendant, the supreme court does not have jurisdiction to address that ruling in an interlocutory appeal. *Id.*

We conclude that conditional guilty pleas are not authorized in Colorado by statute or court rule. We must, therefore, next decide whether United States Supreme Court and

Colorado case law governing guilty pleas in general provides a basis for authorizing conditional guilty pleas.

## V. The General Rule Concerning the Effect of Guilty Pleas

The fundamental principle that a guilty plea waives all nonjurisdictional objections has been clearly understood throughout the United States since at least 1973, when the United States Supreme Court stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the plea....

*Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

*Tollett*'s analysis did not rely on the idea that a defendant's guilty plea waived the right to raise constitutional issues. Rather, Tollett's reasoning was based on the conclusion that

> a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.

*Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Thus, when a defendant is convicted by virtue of his or her guilty plea, instead of at trial, the conviction rests on the defendant's admission of guilt, not on any evidence that may have been seized contrary to the Fourth Amendment. *Haring v. Prosise,* 462 U.S. 306, 321, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). Once a guilty plea is entered, any previous consti-

tutional violation that concerns factual guilt is a "non-issue." *United States v. Gregg,* 463 F.3d 160, 164 (2d Cir.2006).

It appears that the existence of a statute or court rule authorizing conditional guilty pleas alters how the United States Supreme Court analyzes the effect of a guilty plea. A New York statute that allowed conditional guilty pleas was discussed in *Lefkowitz v. Newsome,* 420 U.S. 283, 288–92, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975), a case in which the defendant sought habeas corpus relief from a state guilty plea. The Supreme Court concluded that a plea entered under the New York statute had different consequences than a "traditional guilty" plea because the statute (1) allowed guilty pleas to preserve constitutional issues for review without the requirements of trial; (2) eliminated the difference between going to trial and pleading guilty for such pleas; and (3) guaranteed defendants entering such pleas that their constitutional claims would still be viable on appeal. *Id.*

█ It has been the law in Colorado since 1967 that, by pleading guilty, a defendant forfeits his or her right to argue that a conviction is undermined by an allegedly illegal search. *Von Pickrell v. People,* 163 Colo. 591, 595, 431 P.2d 1003, 1005 (1967)("We point out ... that one who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure."). One commentator, writing in the early 1970s, observed that such a "policy" was "universal" in American state courts. Arthur N. Bishop, *Waivers in Pleas of Guilty,* 60 F.R.D. 513, 516 (1973 & 1974).

Our supreme court's explanation of *Von Pickrell*'s rationale in *Lucero v. People,* 164 Colo. 247, 251, 434 P.2d 128, 130 (1967), anticipated the Supreme Court's analysis in *Tollett, Menna,* and *Haring:*

> The defendant forfeited his right to trial by pleading guilty. The only purpose that could be served by suppressing the evidence which was seized by the police would be to prevent its use by the prosecution at trial.... The prosecution's need for the evidence, after the guilty plea, ceased to exist, hence the question of the validity of

the evidence was not properly before the court, unless, of course, it could be shown that the defendant did not intelligently, understandingly, and voluntarily enter the plea of guilty.

■ Thus, applying this authority, when a defendant enters a guilty plea in Colorado, the plea eliminates the need for any evidence seized in an allegedly illegal search, and the entry of the plea renders the legality of the search irrelevant. Because a voluntary and intelligent plea is reliable, the question of factual guilt is no longer a part of the case, and the legality of the plea does not rely on evidence that was allegedly the product of an illegal search.

According to *Cox*, 464 F.2d at 942, "[t]here is a fundamental and basic inconsistency between knowingly and intelligently entering a voluntary plea of guilty, and then appealing from the judgment entered on the basis of that plea." This reasoning was echoed in *United States v. Benson*, 579 F.2d 508, 510 (9th Cir.1978), where the court stated, "We believe that the use of the conditional guilty plea is grossly inconsistent with the principle recognized in ... *Tollett*."

Reading *Tollett, Menna*, and *Haring* with *Von Pickrell* and *Lucero*, our view of Colorado law is congruent with the position taken by the federal courts of appeal in *Cox* and *Benson*. We conclude that an appeal attacking the legality of a search is fundamentally inconsistent with a voluntary and intelligent guilty plea. By entering a guilty plea, a defendant forfeits the right to file such an appeal.

■ Without a statute or a court rule authorizing them, guilty pleas in Colorado are what *Lefkowitz* described as "traditional pleas," meaning that our guilty pleas do not (1) preserve constitutional issues for review without the requirements of trial; (2) eliminate the distinction between trials and guilty pleas; or (3) guarantee defendants entering guilty pleas that their constitutional claims will still be viable on appeal. 420 U.S. at 290, 95 S.Ct. 886.

We are not the only state to reach this result. At least seven other courts perceive guilty pleas in their states in the same way.

See *State v. Valenzuela*, 121 Ariz. 348, 350, 590 P.2d 464, 466 (Ariz.Ct.App.1978) (by entering a plea of no contest, a defendant waives all nonjurisdictional defenses and "may not by express stipulation or otherwise reserve for appeal non-jurisdictional defects under such a plea"); *People v. Green*, 21 Ill.App.3d 1072, 1074, 316 N.E.2d 530, 532 (1974)(counsel could not reserve the right to appeal the denial of a suppression motion "since a voluntary guilty plea waives all nonjurisdictional errors in defendant's conviction"); *State v. Dorr*, 184 N.W.2d 673, 674 (Iowa 1971) (conditional guilty pleas would "create numerous appellate problems and endless confusion"); *State v. Parkhurst*, 121 N.H. 821, 823, 435 A.2d 522, 523 (1981) ("Although some justify the use of conditional guilty pleas in the name of 'judicial economy,' we believe that such a practice can only undermine the public's confidence in the integrity of the criminal justice system." (citation omitted)); *Commonwealth v. Thomas*, 351 Pa.Super. 423, 428, 506 A.2d 420, 423 (1986)(court declined to recognize conditional guilty plea because of "entrenched precedent" that a guilty plea "waives for the purpose of appellate review all nonjurisdictional defects"); *State v. Soares*, 633 A.2d 1356 (R.I.1993) ("conditional plea of nolo [contendere] may not be accepted by the [trial court] subject to appeal on the issue of a motion to suppress"); *State v. Downs*, 361 S.C. 141, 145, 604 S.E.2d 377, 379 (2004)("If the trial court accepts a conditional guilty plea, then the plea will be vacated on appeal.").

We now proceed to the last step in our analysis, in which we evaluate whether Colorado law authorizes conditional guilty pleas.

## VI. Propriety of Conditional Guilty Pleas in Colorado

■ As a result of the inconsistency it perceived between entering a plea and appealing the judgment based on the plea, the court in *Cox* observed that there was a "strong suggestion" in *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that conditional guilty pleas are "improper unless specifically authorized by statute." *Cox*, 464 F.2d at 942 n. 4. At least three state courts have agreed

with this position. *State v. Lothenbach,* 296 N.W.2d 854, 858 (Minn.1980) ("The preferable way for adopting [conditional guilty pleas] in Minnesota would be through the amendment of [the rules of criminal procedure]."); *State v. Turcotte,* 164 Mont. 426, 429–30, 524 P.2d 787, 789 (1974) (court would not approve of conditional guilty plea in the absence of a statute authorizing it); *Tompkins v. State,* 705 P.2d 836, 839–40 (Wyo. 1985)(court declined to consider appeal of allegedly illegal search because conditional guilty pleas were not authorized by Wyoming court rules).

When we read *Lefkowitz* with *Pharr* and *Waits,* we conclude that we agree with this authority. Thus, without a statute or a court rule, Colorado law applies the general rule and, therefore, does not authorize conditional guilty pleas.

It has been twenty-six years since Fed. R.Crim.P. 11(a)(2) was promulgated, and yet Colorado has not seen a corresponding statute or court rule. This inaction over so long a period may be an indication that there is no desire in our state to change the status of our law. As the Wyoming Supreme Court observed in *Tompkins,* 705 P.2d at 839:

> The fact that our Rule 15 was once the same as [Federal Rule of Criminal Procedure 11] and has not been amended to match [Federal Rule of Criminal Procedure 11(a)(2)] adds weight to the conclusion that a conditional plea is neither contemplated nor to be allowed under our rules of criminal procedure.

Therefore, we respectfully disagree with the conclusion reached in *Bachofer* that Colorado law does not prohibit conditional guilty pleas. *See American Family Mut. Ins. Co. v. Murakami,* 169 P.3d 192, 193 (Colo.App. 2007) (one division of the court of appeals is not bound by the decision of another). Rather, we conclude that, in the absence of a statute or court rule, conditional guilty pleas *are* prohibited.

## VII. Conclusion

Because Colorado does not have a statute or court rule authorizing conditional guilty pleas, the general rule prevails unmodified, and, under it, defendant's guilty plea forfeit-

ed the right to appellate review of the trial court's denial of his motion to suppress. *See People v. Smith,* 183 P.3d 726, 729 (Colo.App. 2008) (Colorado Court of Appeals bound by decisions of Colorado Supreme Court). As a result, we do not have the authority to review defendant's appeal, and it must be dismissed. *See Weston,* 869 P.2d at 1297.

However, because defendant's plea was expressly based upon the condition that he be allowed to pursue this appeal, he must be permitted, if he desires, to withdraw his guilty plea when this case is returned to the trial court. If defendant elects to withdraw his plea, the prosecution must be given the option of reinstating all charges, and then deciding whether to offer defendant the same plea disposition or a different plea disposition, or to proceed to trial. *See Waits,* 724 P.2d at 1338 (the defendant may withdraw a guilty plea if a court does not agree to a plea bargain, and the prosecution may then reinstate the charges).

The appeal is dismissed, and the case is remanded for further proceedings as directed.

Judge CASEBOLT and Judge MILLER concur.