The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John PHARR, Defendant-Appellant.

No. 83SA426.

Supreme Court of Colorado,
En Banc.

Oct. 22, 1984.

L. Duane Woodard, Atty. Gen., Charles
B. Howe, Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Nathan B. Coats, Clement P. Engle, Asst. Attys. Gen., Denver, Doyle T. Johns, Jr., District Atty., Joseph J. Weatherby, Chief Trial Deputy Dist. Atty., Fort Morgan, for plaintiff-appellee.

Homm & Cribbs, Willard C. Cribbs, Jr., Burlington, for defendant-appellant.

ERICKSON, Chief Justice.

John Pharr (defendant) appeals his conviction of attempted sale of a counterfeit substance. The defendant claims that Colorado's counterfeit controlled substance statute, § 18–5–306, 8 C.R.S. (1982 Supp.), is unconstitutionally vague and overbroad, extends beyond the state's police power, and impermissibly creates a strict liability offense. We affirm.

### I.

The defendant was originally charged with two counts of dispensing a counterfeit controlled substance. § 18–5–306, 8 C.R.S. (1982 Supp.).[1] The charges arose from two transactions in which defendant sold various tablets and capsules to an undercover agent and falsely represented that the "drugs" contained an amphetamine which is a controlled substance. The pills were actually composed of caffeine and contained no controlled substance.

█ Prior to trial, the defendant moved to dismiss the charges, alleging that the counterfeit controlled substance statute was unconstitutional in a number of respects. The district court upheld the constitutionality of the statute and denied the motion. Thereafter, pursuant to a plea agreement, the defendant pled guilty to attempted sale of a counterfeit substance, while reserving his right to appeal the constitutionality of the statute. Permitting a defendant to plead guilty and to reserve the right to test the constitutionality of a statute is not recognized by either rule or statute, and we specifically disapprove the procedure. *Compare Lo-Ji Sales, Inc. v.*

*New York,* 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); *cf.* ABA *Standards for Criminal Justice,* Standard 21–1.3(c) & 14–1.1(a) Commentary (1982).

### II.

█ Defendant claims that section 18–5–306(1)(b) requires that the nature, packaging, or appearance of the substance represented to be a controlled substance be such as "to lead a reasonable person to believe that the substance is a controlled substance" and causes the statute to be vague and overbroad. He claims that the statute is unconstitutionally vague if the "reasonable person" language applies to prospective purchasers who, as "reasonable persons," are not lawbreakers and have no basis for believing or not believing that a substance is a controlled substance. He also asserts that if the "reasonable person'" language applies to his own conduct, the statute is unconstitutionally overbroad under *People v. Johnson,* 193 Colo. 199, 564 P.2d 116 (1977).

We rejected identical constitutional challenges to section 18–5–306 in *People v. Moore,* 674 P.2d 354 (Colo.1984). In *Moore,* we held that the "reasonable person" language in the statute modifies only the "nature, packaging, or appearance" clause, and that it is not an element of the knowledge or mental state required to commit the crime. 674 P.2d at 358. The reasonableness standard refers only to "the significance that a reasonable person would attribute to the physical characteristics of the substance obvious to a prospective purchaser," and is not subject to attack on either vagueness or overbreadth grounds. 674 P.2d at 357–59. The defendant's claims to the contrary are without merit.

### III.

█ *Moore* also addresses and is dispositive of defendant's claim that section 18–5–306 impermissibly creates a strict liability offense. Although the statute does not

---

**1.** The statute was repealed and replaced on July 1, 1983 by §§ 18–5–601 to –606, Ch. 201, secs. 1, 4, & 5, § 18–5–601, 1983 Sess.Laws 702, 702–04.

expressly specify a culpable mental state, we held in *Moore* that the mental state of "knowingly" is implied and is required for a conviction of sale or distribution of counterfeit controlled substances. 674 P.2d at 358. The defendant asserts, however, that the denial of the defense of mistaken belief of fact by the statute has the effect of eliminating any required culpable mental state for the offense. The statute provides that "it is no defense that the accused believed the counterfeit or imitation substance to actually be a controlled substance." § 18–5–306(3), 8 C.R.S. (1982 Supp.).

■ We agree with the prosecution that a defendant's mistaken belief that the substance sold or possessed for sale is a controlled substance would not negate the mental element of the offense. To sustain a conviction under the statute, the defendant must knowingly represent that a substance is a controlled substance, either knowing that the substance is not controlled or mistakenly believing that it is controlled. The mental element of the statute relates to the representation underlying the nature and not the actual sale of the substance. The defendant's actual knowledge of the nature of the substance sold is irrelevant if he knowingly represents that it is a controlled substance and thereafter sells an uncontrolled substance. *See State v. Thomas*, 428 So.2d 327 (Fla.App.1983); *cf. People v. Holloway*, 193 Colo. 450, 568 P.2d 29 (1977) (mistaken belief by defendant that property was stolen would not negate the necessary mental element of the charge of theft by receiving).

■ Inasmuch as the statute contains a required culpable mental element, we reject the defendant's constitutional attack.

### IV.

The defendant also contends that section 18–5–306 is unconstitutional because it does not further a legitimate governmental purpose and prohibits activity that is not properly subject to the police powers of the state. We disagree.

■ An act is within the state's police power if it is reasonably related to public health, welfare, or safety. *People v. Garcia*, 197 Colo. 550, 595 P.2d 228 (1979); *Love v. Bell*, 171 Colo. 27, 465 P.2d 118 (1970). When fundamental rights or suspect classifications are not involved, a statute will withstand a constitutional challenge if it is rationally related to a legitimate governmental interest. *People v. Myrick*, 638 P.2d 34 (Colo.1981).

■ There are no constitutionally protected rights implicated in selling or distributing substances that are represented to be controlled substances. *See Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (no constitutional rights implicated in sale of drug paraphernalia). Regulation of such activity is reasonably related to the public safety and welfare, and the police power provides a foundation for the legislation.

The General Assembly could rationally conclude that proscribing the sale of counterfeit drugs is one method of preventing illegal drug transactions and the attendant social evils. *Glendon v. State*, 461 A.2d 1004 (Del.1983); *cf. Myrick*, 638 P.2d at 37 (prohibition of receipt of non-stolen property is a legitimate means to interrupt flow of stolen property). Prohibiting the sale of counterfeit drugs also relates directly to the public health and welfare because counterfeit drugs do not create the same physical effect as genuine narcotics, thereby causing the user to underestimate the effect of the actual controlled substance and to risk overdose. *Thomas*, 428 So.2d at 331.

The counterfeit controlled substances statute regulates a legitimate subject and is not an impermissible exercise of the state's police power.

The defendant's conviction is affirmed.