The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Baruch Joseph BACHOFER,
Defendant–Appellant.

No. 02CA1381.

Colorado Court of Appeals,
Div. II.

Dec. 31, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Baruch Joseph Bachofer, appeals the trial court's order denying his motion to suppress evidence obtained as the result of allegedly unlawful searches. We reverse and remand for further findings.

In April 2001, deputies were dispatched to defendant's home to execute an outstanding arrest warrant pertaining to a domestic violence charge. Upon arriving, they followed defendant into a detached garage, where they arrested him and observed a companion. The deputies searched the companion and found an eighth of an ounce of methamphetamine in his pocket. The deputies then placed the companion under arrest and searched the garage, where they found a partially disassembled automobile with no apparent VIN number, equipment, and an air compressor.

Thereafter, a third deputy prepared a request for a search warrant with an affidavit containing information supplied by an informant and the deputies who arrested defendant and the companion. The affidavit suggested that defendant had been stealing cars and implied a connection between the air compressor found in defendant's garage and one which had been stolen some weeks earlier. Although the informant had advised that persons present at defendant's home were "possibly" dealing drugs, the affidavit averred that occupants of defendant's home were dealing drugs. Finally, based upon statements made by the companion, the affidavit reported that he had admitted that he and defendant used methamphetamine on the day of the arrest and that he had purchased one-eighth of an ounce of the drug weekly, sometimes giving it away or trading it for property.

A warrant was issued authorizing the search of defendant's house, his garage, a shed, and a trailer seeking evidence of any controlled substance, vehicle theft, or stripping and sale of automotive parts. In executing the warrant the deputies found no prescribed evidence, but encountered in defendant's house a fifteen-year-old girl, N.S., who volunteered that she was living and having sex with defendant. N.S. offered nude photographs of herself, taken by defendant.

Against this background, a second warrant was issued authorizing the seizure of defendant's bed linens and other photographs of N.S.

Based on evidence discovered during the execution of the two warrants, defendant was charged with sexual assault, sexual exploitation of a child, contributing to the delinquency of a minor, and harboring a minor.

Defendant filed a motion to suppress all evidence obtained during the searches. As grounds, defendant alleged that the first search warrant had been issued based on a facially insufficient affidavit that omitted material facts. The trial court conducted an evidentiary hearing on the motion and denied relief, ruling that the first search was lawful.

Defendant subsequently pleaded guilty to sexual exploitation of a child pursuant to a plea agreement, and the other charges were dismissed. As part of the plea agreement, the parties stipulated that defendant's guilty plea would not waive his right to appeal the trial court's suppression ruling.

## I. Jurisdiction

As a preliminary matter, we asked the parties to address at oral argument whether the plea of guilty waived defendant's claim of infirmity in the suppression hearing. In the oral arguments, both parties urged that an agreement accepted by the court operated to preserve suppression issues on appeal. We agree.

■ Prior cases have suggested that some constitutional challenges survive guilty pleas. *See People v. Patton*, 7 P.3d 1057 (Colo.App.1999)(double jeopardy challenge based on the face of the charging instrument survives guilty plea), *rev'd on other grounds*, 35 P.3d 124 (Colo.2001); *cf. People v. Isham*, 923 P.2d 190 (Colo.App.1995)(a guilty plea waives all nonjurisdictional objections, including Sixth Amendment rights). Generally, a guilty plea waives a defendant's right to challenge his plea on the basis of an illegal search and seizure. *See Waits v. People*, 724 P.2d 1329 (Colo.1986)(the defendant there did not attempt to preserve his right to appeal the suppression hearing).

Fed.R.Crim.P. 11(a)(2) allows a defendant to enter a conditional plea of guilty, preserving the right to appeal adverse pretrial matters, but the Colorado counterpart, Crim. P. 11, does not contain a similar provision. In *People v. Hart*, 787 P.2d 186 (Colo.App.1989), a division of this court recognized a procedure where the parties tried the case on stipulated facts, thereby preserving the right to appeal adverse pretrial rulings. However, we are unaware of any Colorado cases that have squarely addressed the question whether a written plea bargain may preserve that right.

■ Here, we conclude that defendant preserved his right to appeal the suppression ruling in the written plea agreement. We perceive no prohibition of the agreement used here and conclude that in the interest of judicial economy, there is no justification for barring a stipulation whereby a defendant pleads guilty to a charge on the condition that he or she may nevertheless seek review of an adverse pretrial ruling that directly affects that charge.

## II. First Search Warrant

Defendant argues that the affidavit supporting the first search warrant lacked probable cause and was insufficient to authorize the search of his residence. We agree.

■ We review de novo whether the affidavit provided a substantial basis for the issuing judge to conclude that probable cause existed for a valid search warrant under the Fourth Amendment. *People v. Randolph*, 4 P.3d 477 (Colo.2000); *see also People v. Hebert*, 46 P.3d 473 (Colo.2002)(sufficiency of affidavit reviewed de novo). Probable cause must be established with respect to each place to be searched. *People v. Randolph, supra.*

■ Vague allegations in the affidavit will not suffice. There must be a connection shown between the crime suspected and the area to be searched. *People v. Kazmierski*, 25 P.3d 1207 (Colo.2001). Where the affidavit describes a variety of locations without specifying the crime being perpetrated at each, the geographic scope of the affidavit comes under close scrutiny. *People v. Ran-*

*dolph, supra.* The totality of the circumstances must be such that a person of reasonable caution would suspect that criminal activity is taking place at the place to be searched. *People v. Randolph, supra.*

Based upon defendant's motion to suppress, the trial court struck certain portions of the first affidavit that contained conclusory and uncorroborated allegations of defendant's theft and stripping of automobiles. However, the trial court found that the remaining allegations that the companion possessed methamphetamine and made statements to deputies provided probable cause to search defendant's residence. We disagree.

The companion's possession of one-eighth of an ounce of methamphetamine, while he was standing in defendant's detached garage, does not justify the search of defendant's residence. The record indicates that one informant told deputies that the companion was selling methamphetamine, and that the informant had seen the companion with methamphetamine. The companion also told the deputies that he had purchased and given, sold, or traded one-eighth of an ounce of methamphetamine each week; that he had arrived at defendant's garage at about 4 p.m.; and that the two men had consumed methamphetamine.

However, the fact that the companion arrived at defendant's garage and gave some of his methamphetamine to defendant does not lead to the inference that defendant possessed methamphetamine in his residence or that he was dealing the drug from his residence. *See People v. Sprowl,* 790 P.2d 848 (Colo.App.1989)(no probable cause found where the affidavit alleged that the defendant had previously dealt drugs and described an intercepted phone call from a known drug dealer who said he was making a delivery of "things" to defendant); *cf. United States v. Wald,* 216 F.3d 1222 (10th Cir. 2000)(smell of burnt methamphetamine at traffic stop did not provide probable cause to search trunk).

We therefore conclude that there was insufficient information within the four corners of the first affidavit to support a finding of probable cause to issue the first search warrant.

## III. Good Faith Exception

The People nevertheless argue that, because the officers satisfied the good faith exception to the exclusionary rule, the evidence seized under the warrants need not be excluded. However, the trial court made no finding regarding good faith. We therefore remand for determination whether there was good faith sufficient to satisfy the statutory requirements of § 16–3–308(1), C.R.S.2003.

Where officers executing a warrant reasonably and in good faith believe that they are executing a legitimate warrant, the evidence obtained may be admissible, even if the warrant is found to be defective. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The good faith exception is codified in Colorado in § 16–3–308(1), which provides that evidence should not be suppressed if it was "seized by a peace officer ... as a result of a good faith mistake or of a technical violation." The statute presumes good faith where the "evidence was obtained pursuant to and within the scope of a warrant, unless the warrant was obtained through intentional and material misrepresentation." Section 16–3–308(4)(b), C.R.S.2003.

Defendant argues that the deputies here intentionally omitted from the first affidavit information that would have resulted in a rejection of the application for warrant. However, the trial court found probable cause and did not consider whether the statutory good faith exception applied. On remand, the trial court shall make that determination.

## IV. Common Authority Consent

Defendant also argues that all the information obtained during the search of his residence should be suppressed because it is the fruit of an illegal search. We remand for further findings.

In the process of executing the first search warrant, the deputies encountered N.S., and she voluntarily offered statements and photographs which ultimately supported the second affidavit and the charge of sexual exploi-

tation of a child. Defendant argues that but for the defective first search warrant, the deputies would not have discovered N.S. and the information she provided. "The fruit of the poisonous tree doctrine excludes evidence discovered as a result of a Fourth Amendment violation." *People v. McFall*, 672 P.2d 534, 537 (Colo.1983). All the evidence supporting the charge of sexual exploitation of a child emanated from N.S., and defendant contends that such evidence should have been suppressed.

■ However, a valid consent for a search "may be obtained either from the individual whose property is searched, or from a third party who possesses common authority over the property." *People v. Hopkins*, 870 P.2d 478, 480 (Colo.1994). Colorado has adopted the common authority doctrine under which the officer must have an objectively reasonable belief that the third person had authority to allow the search. *People v. Breidenbach*, 875 P.2d 879 (Colo. 1994).

Because the trial court made no findings about the authority possessed by N.S., on remand the court should consider whether the officers reasonably believed N.S. had authority to allow a search of the residence and therefore properly consented to the search.

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge MARQUEZ and Judge ROTHENBERG concur.