2012 CO 65

**Shane Aaron NEUHAUS, Petitioner.**

**v.**

**The PEOPLE of the State of Colorado, Respondent.**

**No. 10SC27.**

Supreme Court of Colorado, En Banc.

Nov. 19, 2012.

Douglas K. Wilson, Public Defender, Lynn Noesner, Deputy Public Defender, Denver, Colorado, Attorneys for Petitioner.

John W. Suthers, Attorney General, Rebecca Adams Jones, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

¶ 1 In this postconviction appeal, we review whether a criminal defendant may plead guilty while reserving the right to appeal an unsuccessful pretrial motion to suppress evidence. We hold that such conditional pleas are not permitted under Colorado rule or statute. Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because a reservation of that right is better created by statute or

court rule, if at all. Thus, we affirm the decision of the court of appeals.

## I. Facts and Procedural History

¶ 2 The People charged Shane Aaron Neuhaus ("Neuhaus") with two counts of menacing, one count of possession of a weapon by a previous offender, and three counts of possession of a weapon by a previous juvenile offender. The charges stemmed from reports of threatening behavior and evidence discovered in a warrantless search of a car Neuhaus was driving at the time of his arrest. During the search, police found a rifle, a shotgun, and ammunition.

¶ 3 Neuhaus filed a pretrial motion to suppress the evidence of the weapons and ammunition on the grounds that: (1) police lacked probable cause for the arrest, therefore tainting all evidence found as a result of the arrest; and (2) police exceeded the scope of their search of Neuhaus's vehicle incident to his arrest. The trial court denied the motion. The trial court then granted Neuhaus's motion to sever his menacing counts, and a jury acquitted him of those counts.

¶ 4 The parties entered a plea agreement to resolve the remaining counts. Under the agreement, Neuhaus pled guilty to one count of possession of a weapon by a previous offender, and the prosecution agreed to dismiss all other counts. The agreement included the condition that, in spite of the guilty plea, Neuhaus would preserve the right to appeal the denial of the pretrial motion to suppress. Both parties agreed that the result of the appeal would be dispositive and the prosecution agreed to allow Neuhaus to withdraw his guilty plea in the event of reversal on appeal because the prosecution would have insufficient evidence to move forward with the case without the disputed evidence. The trial court accepted the agreement.

¶ 5 Neuhaus appealed the suppression issue. The court of appeals determined that the agreement constituted a conditional guilty plea, and held that neither rule nor statute authorized conditional pleas under Colorado law. Therefore, the court of appeals held that it had no authority to review the trial court's ruling on the motion to suppress evidence. The court of appeals remanded the case to the trial court, instructing that, because Neuhaus's guilty plea was conditioned on the availability of an appeal, he must be able to withdraw it if he so desires. Also, if Neuhaus withdrew the guilty plea, the court of appeals instructed the trial court to allow the prosecution to reinstate all of the remaining charges against him.

¶ 6 Neuhaus seeks certiorari review by this Court of whether a defendant may enter a conditional guilty plea reserving the right to appeal an unsuccessful motion to suppress evidence, and whether his motion to suppress was erroneously denied.[1]

## II. Analysis

¶ 7 The primary issue before this Court is one of first impression and requires us to determine whether a defendant may reserve the right to appeal an unsuccessful motion to suppress evidence despite having entered a guilty plea. We hold that a guilty plea forecloses appellate review of suppression issues because no Colorado rule or statute permits such a conditional guilty plea.[2] Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because

1. Specifically, we granted certiorari on the following issues:
   1. Whether the court of appeals erred in announcing a new rule prohibiting conditional pleas in Colorado, thereby creating a split in the court of appeals regarding the permissibility of conditional pleas.
   2. Assuming arguendo that conditional pleas are permitted in Colorado, whether the district court reversibly erred in failing to suppress evidence obtained in violation of Mr. Neuhaus'[s] state and federal constitutional rights because the police lacked probable cause to arrest Mr. Neuhaus and the search of his vehicle was illegal pursuant to *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).

2. Having determined that the conditional plea allowing appellate review of suppression issues is not permitted under Colorado law, we do not reach the issue of whether the trial court committed error when it failed to suppress evidence in this case.

a reservation of that right is better created by statute or court rule, if at all.

## A. Conditional Guilty Pleas

▮▮▮▮ ¶ 8 A guilty plea is an admission of all the elements of a criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Generally, a guilty plea precludes review of issues that arose prior to the plea. *People v. McMurtry*, 122 P.3d 237, 243 (Colo.2005) (holding that the facts of the case did not establish a conditional plea);[3] *Waits v. People*, 724 P.2d 1329, 1337 (Colo.1986) ("The general rule is that a defendant who pleads guilty is precluded from attacking his plea on the ground that evidence was seized in an illegal search and seizure unless a right to challenge the plea is preserved by statute."); *see also Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (holding that an exception to the general rule exists when a state has a statutory exception permitting an appeal); *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") (prior to the adoption of Fed.R.Crim.P. 11(a)(2) permitting conditional pleas). That is because a "guilty plea represents a break in the chain of events which has preceded it in the criminal process" and waives all non-jurisdictional errors in the defendant's conviction, including the seizure of evidence. *Tollett*, 411 U.S. at 266–67, 93 S.Ct. 1602. Consequently, in most states, a defendant must plead not guilty and go to trial to preserve appellate review of his constitutional challenges to pretrial proceedings. *Lefkowitz*, 420 U.S. at 289, 95 S.Ct. 886.

▮▮▮ ¶ 9 A "conditional plea" for the purposes of this case is a guilty plea conditioned upon the defendant's ability to appeal an unsuccessful pretrial motion to suppress evidence. Conditional pleas thus provide an exception to the general rule that a guilty plea forecloses a subsequent appeal of issues that arose prior to the plea. Authority for such an exception arises in three ways: (1) by statute; (2) by court rule; and (3) by judicial decision. A vast majority of jurisdictions that allow conditional pleas do so by statute or rule,[4] while only two jurisdictions—Alaska and Louisiana—currently rely exclusively on judicial decisions as the authority to establish conditional pleas.[5]

---

3. In *McMurtry*, 122 P.3d at 240, we acknowledged that "[i]n Colorado, there exists no clear recognition of the conditional plea and we decline[d] to provide one" in that case.

4. Ten jurisdictions authorize conditional guilty pleas by statute: *see* Cal.Penal Code §§ 1237.5 & 1538.5(m); Conn. Gen.Stat. §§ 54–94a & 61–6(a)(2)(ii); Mont.Code Ann. § 46–12–204(3); Nev.Rev.Stat. § 174.035(3); N.Y.Crim. Proc. § 710.70; N.C. Gen.Stat. § 15A–979(b); Or.Rev. Stat. § 135.335(3); Tex.Code Crim. Proc. Ann. arts. 44.02 & 11(i) & Tex.R.App. P. 25.2(A); Va. Code Ann. § 19.2–254; Wis. Stat. § 971.31(10).

   Sixteen jurisdictions authorize conditional guilty pleas by court rule: *see* Fed.R.Crim.P. 11(a)(2); Rule for Courts–Martial 910(a)(2); Ark. R.Crim. P. 24.3(b); D.C.Super. Ct. R.Crim. P. 11(a)(2); Fla. R.App. P. 9.140(b)(2)(A)(i); Haw. R. Penal. P. 11(a)(2); Idaho R.Crim. P. 11(a)(2); Ky. R.Crim. P. 8.09; Me. R.Crim. P. 11(a)(2); N.J. R.Crim. P. 3:9–3(f); N.D. R.Crim. P. 11(a)(2); Ohio R.Crim. P. 12(I); Tenn. R.Crim. P. 37(b)(2)(A); Vt. R.Crim. P. 11(a)(2); W. Va. R.Crim. P. 11(a)(2); Wyo. R.Crim. P. 11(a)(2).

5. Alaska and Louisiana are the only jurisdictions relying exclusively on judicial decision to authorize conditional pleas. *See Cooksey v. State*, 524 P.2d 1251, 1255–56 (Alaska 1974), *disapproved of on other grounds by, Miller v. State*, 617 P.2d 516, 519 n. 6 (Alaska 1980); *State v. Crosby*, 338 So.2d 584, 586–92 (La.1976). Five other jurisdictions at one time authorized conditional guilty pleas by judicial decision. Georgia, however, has since reversed the decision, *Mims v. State*, 201 Ga.App. 277, 410 S.E.2d 824, 825–26 (1991) (authorizing conditional guilty pleas from different kinds of court rulings, setting forth procedures); *Hooten v. State*, 212 Ga.App. 770, 442 S.E.2d 836, 837–41 (1994) (conditional guilty pleas no longer authorized), and Alabama, Michigan, New Mexico, and Utah have each subsequently promulgated court rules to authorize the practice. *See Sawyer v. State*, 456 So.2d 110, 110–11 (Ala.Crim.App.1982), *rev'd after record supplemented*, 456 So.2d 112, 113 (Ala.1983), & Ala. R.Crim. P. 26.9(b)(4); *People v. Reid*, 420 Mich. 326, 362 N.W.2d 655, 658–60 (1984), & Mich. R.Crim. P. 6.301(C)(2); *State v. Hodge*, 118 N.M. 410, 882 P.2d 1, 5–8 (1994), & N.M. Dist. Ct. R.Crim. P. 5–304; *State v. Sery*, 758 P.2d 935, 938–40 (Utah Ct.App.1988), & Utah R.Crim. P. 11(j).

¶ 10 The Federal Rules of Criminal Procedure permit conditional pleas under Rule 11(a)(2) whereby a defendant may enter a conditional guilty plea reserving the right to petition the appellate court to review a specific trial court ruling.[6] If the defendant prevails on appeal, he may withdraw his guilty plea. *Id.* Colorado, however, has no analogous conditional plea rule. Likewise, no Colorado statute provides for conditional guilty pleas.

## B. Guilty Pleas and Conditional Guilty Pleas Under Colorado Law

¶ 11 Because no Colorado statute or court rule authorizes conditional pleas, we turn to Colorado precedent to determine whether judicial decision authorizes the practice.

¶ 12 An examination of prior precedent reveals that this Court consistently holds that a guilty plea bars subsequent challenges based on claims of an alleged illegal search and seizure. Consistent with the general rule that a guilty plea forecloses later review of issues that arose prior to the plea, this Court noted that "one who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure." *Von Pickrell v. People,* 163 Colo. 591, 595, 431 P.2d 1003, 1005 (1967) (citing *United States v. Zavada,* 291 F.2d 189, 191 (6th Cir.1961)) (holding that evidence may be used at a pre-sentencing hearing following a guilty plea without regard to the constitutionality of its seizure). Then, in *Lucero v. People,* 164 Colo. 247, 250–51, 434 P.2d 128, 130 (1967), this Court explored the contours of *Von Pickrell,* explaining:

> [T]he validity of the search for and seizure of the contraband goods became moot upon the entry of the plea of guilty. *Von Pickrell v. People,* [163] Colo. [591], 431 P.2d 1003, announced by our court on October 2, 1967. The defendant forfeited his right to trial by pleading guilty. The only purpose that could be served by suppressing the evidence which was seized by the police would be to prevent its use by the prosecution at the trial. Colo.R.Crim.P. 41(e). The prosecution's need for the evidence, after the guilty plea, ceased to exist, hence the question of the validity of the evidence was not properly before the court, unless of course, it could be shown that the defendant did not intelligently, understandingly, and voluntarily enter the plea of guilty.

And, finally, this Court specifically held that a guilty plea precludes an attack on the plea on the grounds that evidence was seized in an illegal search and seizure unless a right to challenge the plea is preserved by statute. *Waits,* 724 P.2d at 1337 (citations omitted).

¶ 13 This Court has specifically addressed conditional guilty pleas in two cases, *People v. Pharr,* 696 P.2d 235, 236 (Colo.1984), and *People v. McMurtry,* 122 P.3d 237, 240 (Colo. 2005). In *Pharr,* we disapproved of the conditional guilty plea in the context of a constitutional challenge to a statute because no basis in rule or statute exists in Colorado to allow a defendant to plead guilty while reserving his right to appeal the constitutionality of a statute. 696 P.2d at 236. Prior to trial, Pharr moved to dismiss charges of attempted sale of a counterfeit substance alleging that Colorado's counterfeit controlled substance statute was unconstitutional on a number of grounds. *Id.* The trial court denied the motion holding that the statute was constitutional. *Id.* Thereafter, Pharr entered into a plea bargain by which he reserved the right to appeal the constitutionality of the statute. *Id.* This Court disapproved the conditional plea procedure because that procedure was not recognized by either rule or statute. *Id.*

¶ 14 In *People v. McMurtry,* we discussed conditional pleas, but declined to opine on whether Colorado law authorized the practice. 122 P.3d at 240 ("In Colorado, there exists no clear recognition of the conditional plea and we decline to provide one."). We

**6.** The federal rule, adopted in 1983, provides:
Conditional Plea. With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.
Fed.R.Crim.P. 11(a)(2).

noted, however, that the court of appeals had recently opened the door to the practice with its decision in *People v. Bachofer*, 85 P.3d 615, 617 (Colo.App.2003). *McMurtry*, 122 P.3d at 242–43. In Bachofer, a division of the court of appeals determined that it had jurisdiction to review a suppression issue arising out of a conditional guilty plea. 85 P.3d at 617. In so ruling, the court of appeals reasoned that the "defendant preserved his right to appeal the suppression ruling in the written plea agreement." *Id.* Though it acknowledged that a guilty plea waives a defendant's right to challenge his plea on the basis of an illegal search and seizure, the court of appeals allowed the appeal reasoning that there was no prohibition on the agreement and concluding that such an agreement should be permitted in the interest of judicial economy. *Id.*[7]

### C. In the Absence of Statute or Rule, No Conditional Pleas Are Authorized

¶ 15 In the case at issue here, *People v. Neuhaus*, 240 P.3d 391, 398 (Colo.App. 2009) (selected for official publication), a division of the court of appeals disagreed with *Bachofer*. Citing the lack of authority under the Colorado rules and statutes, and looking to United States and Colorado case law, it determined that the court of appeals did not have jurisdiction to review the unsuccessful motion to suppress evidence when the defendant ultimately pled guilty. *Id.* We agree.

¶ 16 We hold that conditional guilty pleas that reserve the right to appeal an unsuccessful motion to suppress evidence despite having entered a guilty plea are not authorized under Colorado law. We reaffirm the notion that a guilty plea, as an admission of all the elements of a criminal charge, precludes appellate review of issues that arose prior to the plea. *See McCarthy*, 394 U.S. at 466, 89 S.Ct. 1166; *McMurtry*, 122 P.3d at 242–43; Waits, 724 P.2d at 1337; *Von Pickrell*, 163 Colo. at 595, 431 P.2d at 1005.

The defendant forfeits his right to appellate review of the suppression of evidence when he admits in open court that he is in fact guilty of the charged offense. *See Tollett*, 411 U.S. at 267, 93 S.Ct. 1602; *Waits*, 724 P.2d at 1337; *Von Pickrell*, 163 Colo. at 595, 431 P.2d at 1005. Moreover, the need to suppress the evidence no longer exists once the guilty plea has been entered. *See Lucero*, 164 Colo. at 250–51, 434 P.2d at 130 ("the validity of the search for and seizure of the contraband goods became moot upon the entry of the plea of guilty").

¶ 17 In addition, we decline to create an exception to the rule by judicial decision. Consistent with other jurisdictions that have considered the question and with our precedent, we determine that authorization for conditional pleas is better achieved by statute or court rule than by judicial decision. For example, in *Waits*, this Court pointed to the United States Supreme Court decision, *Lefkowitz v. Newsome*, 420 U.S. at 288, 95 S.Ct. 886, for the proposition that a guilty plea precludes attack on the plea on the ground that evidence was seized in an illegal search and seizure unless a right to challenge the plea is preserved by statute. *Waits*, 724 P.2d at 1337. In *Lefkowitz*, the Supreme Court examined whether a defendant could file a federal habeas corpus petition raising constitutional claims, including challenging the lawfulness of a search, when a state statute provided for appellate review of those issues after a guilty plea. 420 U.S. at 287–88, 95 S.Ct. 886. The Supreme Court held that when a state law permits a defendant to plead guilty and still preserve appellate review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding. *Id.* at 293, 95 S.Ct. 886. The decision made clear that a state statute could authorize conditional guilty pleas.

¶ 18 Subsequent to the decision in *Lefkowitz*, Federal Rule of Criminal Procedure 11 was amended to include conditional pleas.

---

7. In *People v. Hoffman*, 293 P.3d 1, 4–5 2010 WL 1491645 (Colo.App.2010) (selected for official publication), a division of the court of appeals followed the *Bachofer* decision and permitted appellate review of a motion to suppress pursu-

ant to a stipulated conditional guilty plea. We review and reverse *People v. Hoffman*, 2012 CO 66, 289 P.3d 24, in a companion decision released concurrently with this decision.

Fed.R.Crim.P. 11(a)(2). The change in the court rule resolved a split in the federal circuit courts over whether conditional guilty pleas are authorized by law, and made clear that conditional guilty pleas may also be authorized by court rule. *Id.*

### III. Conclusion

¶ 19 We hold that conditional pleas whereby a criminal defendant may plead guilty while reserving the right to appeal an unsuccessful motion to suppress evidence are not permitted under Colorado rule or statute. Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because a reservation of that right is better created by statute or court rule, if at all. Thus, we affirm the decision of the court of appeals.

¶ 20 Accordingly, because Neuhaus's guilty plea was expressly conditioned on his ability to appeal his unsuccessful motion to suppress, he must be permitted to withdraw his guilty plea. If the prosecution elects to do so, it may reinstate the charges against him. *See Waits,* 724 P.2d at 1338.