2012 CO 66

### The PEOPLE of the State of Colorado, Petitioner

v.

### James T. HOFFMAN, Respondent.

### No. 10SC433.

Supreme Court of Colorado,
En Banc.

Nov. 19, 2012.

John W. Suthers, Attorney General, Rebecca A. Jones, Assistant Attorney General, Denver, Colorado, Attorneys for Petitioner.

Douglas K. Wilson, Public Defender, Stephen C. Arvin, Deputy Public Defender, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

¶ 1 In this postconviction appeal, we review whether a criminal defendant may plead guilty while reserving the right to appeal an unsuccessful motion to suppress evidence. Adopting our reasoning in *Neuhaus v. People,* 2012 CO 65, 289 P.3d 19, released concurrently with this opinion, we hold that such conditional pleas are not permitted under Colorado rule or statute. Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because a reservation of that right is better created by statute or court rule, if at all. Thus, we reverse the decision of the court of appeals.

### I.  Facts and Procedural History

¶ 2 James Hoffman ("Hoffman") was arrested and charged with possession of methamphetamine with intent to distribute, pos-

session of drug paraphernalia, possession of marijuana, child abuse, and a special offender charge. The charges stemmed from evidence seized in a search pursuant to a warrant issued based on information from a confidential informant.

¶ 3 Hoffman filed a motion to suppress the evidence which the trial court denied. Hoffman subsequently entered a conditional plea agreement whereby he pled guilty to one count of possession of a schedule II controlled substance with intent to distribute, received a six-year sentence, and the People dropped the remaining charges. As a condition of the plea, Hoffman retained his right to appeal his unsuccessful motion to suppress evidence.

¶ 4 Hoffman appealed the suppression order. The court of appeals held that the conditional guilty plea was acceptable, and that the motion to suppress was incorrectly denied in this instance. *People v. Hoffman,* 293 P.3d 1, 4–9 (Colo.App.2010) (selected for official publication). Judge Dailey dissented, stating that the court of appeals should not have entertained the appeal, finding the reasoning in *People v. Neuhaus,* 240 P.3d 391 (Colo.App.2009) (selected for official publication),[1] more persuasive than the authority relied upon by the majority.

¶ 5 We granted the People's petition for certiorari review.[2]

## II. Conclusion

¶ 6 For the reasons stated in *Neuhaus v. People,* 2012 CO 65, ¶¶ 7–19, 289 P.3d 19, we hold that conditional pleas whereby a criminal defendant may plead guilty while reserving the right to appeal an unsuccessful motion to suppress evidence are not permitted under Colorado rule or statute. Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because a reservation of that right is better created by statute or court rule, if at all. Thus, we reverse the judgment of the court of appeals.[3]

¶ 7 Accordingly, because Hoffman's guilty plea was expressly conditioned on his ability to appeal his unsuccessful motion to suppress, he must be permitted to withdraw his guilty plea. If the prosecution elects to do so, it may reinstate the charges against him. *See Waits v. People,* 724 P.2d 1329, 1338 (Colo.1986).

---

1. We affirm *People v. Neuhaus,* 240 P.3d 391 (Colo.App.2009) (selected for official publication), in an opinion released concurrently. *See Neuhaus v. People,* 2012 CO 65, 289 P.3d 19.

2. The Court granted certiorari review on the following issues:

   1. Whether conditional guilty pleas are permissible in Colorado and may be reviewed on appeal.
   2. If conditional guilty pleas are reviewable on appeal, whether the court of appeals applied the correct standard of review when it determined that the magistrate did not have a substantial basis for concluding that probable cause existed.

3. Whether the court of appeals erred by concluding that the confidential informant's information was stale when the police independently observed suspicious behavior consistent with the criminal activity described one night before the search warrant was issued.
4. Whether the police officer's reliance upon the search warrant was in good faith after personally observing activity that supported the information given by the informant even though the officer did not personally observe the defendant engage in illegal activity.

3. Having determined that the conditional plea reserving appellate review of suppression issues is not permitted under Colorado law, we do not reach the other certiorari issues in this case.