2012 CO 67

**Juan ESCOBEDO, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 10SC476.**

Supreme Court of Colorado, En Banc.

Nov. 19, 2012.

**26**

Douglas K. Wilson, Public Defender Michael S. Juba, Deputy Public Defender, Denver, Colorado, Attorneys for Petitioner.

Mitchell R. Morrissey, District Attorney, Second Judicial District Everett Engstrom, Deputy District Attorney, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

¶ 1 In this postconviction appeal, we review whether a criminal defendant may plead guilty while reserving the right to appeal an unsuccessful motion to suppress evidence. Adopting our reasoning in *Neuhaus v. People*, 2012 CO 65, 289 P.3d 19, released concurrently with this opinion, we hold that such conditional pleas are not permitted under Colorado rule or statute. Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because a reservation of that right is better created by statute or court rule, if at all. Thus, we affirm the decision of the district court.

### I. Facts and Procedural History

¶ 2 In October 2008, Juan Escobedo's ("Escobedo") vehicle was stopped in downtown Denver after his vehicle crossed several lane markers. The officer on the scene alleged that Escobedo violated section 42–4–1007(1)(a), C.R.S. (2010), Failure to Drive in a Single Lane, and conducted a search of the vehicle. Escobedo was ultimately charged with Failure to Drive in a Single Lane, Driving Without a Valid License, Driving Under the Influence, Driving Under the Influence with a Breath Alcohol Content Above .08, and Possession of Marihuana Under One Ounce.

¶ 3 Escobedo moved to suppress all fruits of the warrantless search and seizure. The county court denied the motion, finding that the officer had a reasonable and articulable belief that Escobedo was violating the Failure to Drive in a Single Lane statute.

¶ 4 Escobedo entered into a conditional plea agreement whereby he pled guilty to one count of Driving Under the Influence, and the People dismissed the rest of the charges. As part of the plea agreement, the parties stipulated that Escobedo could appeal the county court's ruling on the motion to suppress. The county court accepted the plea agreement, along with the appeal condition, in writing.

¶ 5 Escobedo appealed the suppression ruling to the district court. Shortly after, the court of appeals announced *People v. Neuhaus*, 240 P.3d 391 (Colo.App.2009) (selected for official publication), holding that conditional pleas—like Escodedo's—are not authorized under Colorado law. Accordingly, the District Attorney filed a motion to dismiss Escobedo's appeal. While the motion was still pending, the contrary ruling of *People v. Hoffman*, 293 P.3d 1 (Colo.App.2010) (selected for official publication), was announced and the district court was made aware of the case. Relying on *Neuhaus*, the district court granted the motion to dismiss, and remanded the case to the county court so that Escobedo could withdraw his plea and the People could proceed on all of the original counts.

¶ 6 Escobedo petitioned this Court for certiorari review of whether the district court erred in dismissing his appeal from county court.[1]

## II. Conclusion

¶ 7 For the reasons stated in *Neuhaus v. People*, 2012 CO 65, ¶¶ 7–19, 289 P.3d 19,[2] announced concurrently with this decision, we hold that conditional pleas whereby a criminal defendant pleads guilty while reserving a right to appeal an unsuccessful motion to suppress evidence are not permitted under Colorado rule or statute. Further, we decline to create by judicial decision an exception allowing conditional guilty pleas that reserve the right to appeal an unsuccessful pretrial motion to suppress evidence because a reservation of that right is better created by statute or court rule, if at all. Thus, we affirm the decision of the district court.

¶ 8 Accordingly, because Escobedo's plea was expressly based on his ability to appeal his unsuccessful motion to suppress, he must be permitted to withdraw his guilty plea. If the prosecution elects to do so, it may reinstate the charges against him. See *Waits v. People*, 724 P.2d 1329, 1338 (Colo.1986).

Justice COATS does not participate.

---

1. Specifically, this Court granted certiorari on the issue of "[w]hether the District Court erred in dismissing Petitioner's appeal from County Court, relying on *People v. Neuhaus*, 240 P.3d 391 (Colo.App.2009), declining to follow *People v. Bachofer*, 85 P.3d 615 (Colo.App.2003), and not addressing *People v. Hoffman*, 293 P.3d 1, 2010 WL 1491645 (Colo.App.2010)."

2. We affirm *People v. Neuhaus*, 240 P.3d 391 (Colo.App.2009) (selected for official publication), in an opinion released concurrently, see *Neuhaus v. People*, 2012 CO 65, 289 P.3d 19, and we reverse *People v. Hoffman*, 293 P.3d 1 (Colo. App.2010) (selected for official publication), in an opinion released concurrently. See *People v. Hoffman*, 2012 CO 66, 289 P.3d 24.