24CA1765 Peo v Dewitt 01-15-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1765
El Paso County District Court No. 22CR2300
Honorable Jessica L. Curtis, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Vincent Dewitt,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE TAUBMAN*
Tow and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

---

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Janet Kinniry, Alternate Defense Counsel, Gardner, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Vincent Dewitt, appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

## I.     Background

¶ 2     One evening, Dewitt was driving a car in the southbound lane of a road in Colorado Springs, and the victim was driving a motorcycle in the northbound lane.  The two vehicles collided in the northbound lane, and the victim died as a result.

¶ 3     Dewitt was charged with three counts of vehicular homicide; one count each of driving under the influence, driving under restraint, and speeding; four counts of unlawful possession of a controlled substance; and five habitual criminal counts.  During pretrial proceedings, Dewitt filed a pro se motion to remove his attorney and appoint conflict-free counsel, asserting his attorney had a conflict because he refused to gather allegedly exculpatory police body and dash camera footage.  After a hearing, the district court denied Dewitt's request for appointment of conflict-free counsel.

¶ 4     Dewitt then filed a pro se motion alleging ineffective assistance of counsel.  Specifically, he argued that counsel refused to provide

1

Dewitt with the police body and dash camera footage and failed to present at pretrial hearings exculpatory evidence that would show the victim crossed into the southbound lane of the road and caused the accident.

¶ 5 Before the district court could address the ineffective assistance motion, Dewitt agreed to plead guilty to vehicular homicide in exchange for the dismissal of the remaining charges and a stipulated twenty-four-year prison sentence. Dewitt initialed and signed his agreement to the following provisions of the written plea documents: (1) "[m]y plea is voluntary and is not the result . . . of undue influence or coercion or force by anyone"; (2) "I have consulted with my lawyer concerning this matter and I am satisfied with what my lawyer has done for me"; (3) "if I tender a plea of guilty[,] I give up," among other things, "the right to have the prosecution prove each element of each offense charged in this matter beyond a reasonable doubt"; (4) "I expressly waive my right to trial by jury on all issues"; (5) "I agree that there is a factual basis for the plea of guilty to the crime charged in this matter and I will lay a full factual basis on the record upon entry of this plea

agreement"; and (6) "I agree that my plea will be final," and "[o]nce I plead guilty in court, I will not be allowed to change my mind."

¶ 6    At the providency hearing, Dewitt confirmed his agreement to, and understanding of, the plea deal and denied having any questions. He acknowledged that he had spoken with his attorney about the charges, possible defenses to the charges, the plea deal, and the consequences of pleading guilty. Dewitt confirmed his satisfaction with "the advice and representation that [he had] received."

¶ 7    The district court advised Dewitt that he did not have to plead guilty and that he could proceed to a jury trial at which the prosecution would be required to prove his guilt beyond a reasonable doubt and he could present a defense. When asked if he had any questions about that, Dewitt responded,

> No, Your Honor. I just would like to apologize
> and give my sympathy to the [victim's]
> family . . . . This is an unfortunate situation
> and I just hope that they find in their hearts to
> one day have some type of understanding and
> forgive me for being involved in this situation.
> And I want to take responsibility in the role I
> played in this, and I was just hoping that the
> [prosecutor] and the [c]ourts could have some
> type of leniency on me if possible for doing
> lesser time so I would get back home to my

> family, and get back to working, and get back to my loved ones. I deeply am sorry, and I was just hoping that that could be tooken [sic] into consideration for a little lesser time.

The court ensured that Dewitt was not being forced to give up his right to a jury trial and that he understood he would not be eligible for a sentence less than that stipulated in the plea agreement.

¶ 8 When the court asked Dewitt "what happened that ma[d]e[] [him] guilty of" vehicular homicide, Dewitt's attorney responded,

> In speaking with him about the date of the offense, a lot of it is blurry for him. He doesn't remember a lot of it. He's been described what's been contained in the police reports, he agrees with it. He's taking responsibility, he does plead guilty under the – stipulates to the factual basis just based upon his not exactly remembering exactly what happened but he will stipulate to the establishment of [count] 1 and he does take responsibility for this, Your Honor.

Dewitt agreed with his counsel's statements and expressly accepted responsibility for causing of the victim's death.

¶ 9 The district court accepted Dewitt's guilty plea and imposed the stipulated sentence.

¶ 10 About a week later, Dewitt filed a Crim. P. 35(c) motion in which he asserted, among other things, ineffective assistance of

4

counsel claims similar to those raised in his pre-plea ineffective assistance of counsel motion. He asked for his sentence and conviction to be "vacated and dismissed."

¶ 11     The postconviction court denied Dewitt's motion without a hearing, finding, among other things, that he was aware of all the issues he raised in his postconviction motion when he pleaded guilty, and that the purported exculpatory evidence "was actively being weighed and debated between Mr. Dewitt and his counsel prior to the entry of a plea in this case."

## II.     Legal Authority and Standard of Review

¶ 12     "Because a guilty plea is an extensive waiver of the defendant's constitutional rights, a challenge to a conviction based on a guilty plea is usually limited to whether the plea was knowing, voluntary, and intelligent." *Sanchez-Martinez v. People*, 250 P.3d 1248, 1255 (Colo. 2011). Thus, "[a] defendant may challenge [a] guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered." *People v. Stovall*, 2012 COA 7M, ¶ 13, 284 P.3d 151, 154.

¶ 13    The Sixth Amendment to the United States Constitution guarantees the right to effective representation of counsel. *People v. Rainey*, 2023 CO 14, ¶ 1, 527 P.3d 387, 390. "In order to prevail on an ineffective assistance of counsel claim, a defendant must prove that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense." *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). The failure to prove one of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50, 485 P.3d 566, 574.

¶ 14    To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying the *Strickland* test to ineffective assistance of counsel claims in cases involving guilty pleas). To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

¶ 15    In the context of a guilty plea, the prejudice prong requires a defendant to "show that there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see People v. Duran*, 2025 COA 34, ¶ 17, 569 P.3d 899, 904. Further, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see Duran*, ¶ 17, 569 P.3d at 904.

¶ 16    "[M]otions that challenge the validity of a defendant's plea or the manner in which it was taken are properly brought under Crim. P. 35(c)." *People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005). We review a district court's summary denial of a Crim. P. 35(c) motion de novo. *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519. Defendants need not set forth evidentiary support for their allegations in Crim. P. 35(c) motions, but instead need only assert facts that, if true, would provide a basis for relief. *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A Crim. P. 35(c) motion may be denied without an evidentiary hearing only when the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). "The denial of a claim of

ineffective assistance of counsel without a hearing is justified if, but only if, the existing record establishes that the defendant's allegations, even if proven true, would fail to establish either constitutionally deficient performance or prejudice." *People v. Chavez-Torres*, 2016 COA 169M, ¶ 31, 410 P.3d 690, 696, *aff'd*, 2019 CO 59, 442 P.3d 843.

## III. Analysis

¶ 17 Dewitt contends that the postconviction court erred by summarily denying his claim that counsel was ineffective for failing to obtain purportedly exculpatory evidence. We disagree.

¶ 18 "A defendant has no right to raise a constitutional claim after a guilty plea when that claim does not relate directly to the adequacy of the plea." *People v. Isham*, 923 P.2d 190, 195 (Colo. App. 1995). Thus, even if we assume counsel's pre-plea performance was constitutionally deficient, Dewitt does not explain why the asserted deficiencies affected the validity of his guilty plea. *See Stovall*, ¶ 13, 484 P.3d at 154; *see also People v. Houser*, 2020 COA 128, ¶ 24, 490 P.3d 863, 870 (we will not consider a bald legal proposition presented without argument or development).

¶ 19   Indeed, as the postconviction court found, Dewitt was aware of counsel's purported pre-plea deficient performance when he accepted the plea offer, expressed his satisfaction with counsel's representation, took responsibility for the victim's death, and pleaded guilty to a felony offense. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Neuhaus v. People*, 2012 CO 65, ¶ 8, 289 P.3d 19, 21 (entry of a guilty plea generally precludes review of issues that arose before the plea); *Isham*, 923 P.2d at 195 ("A guilty plea waives all nonjurisdictional objections, including fundamental, Sixth Amendment constitutional rights.").

¶ 20   Further, as the postconviction court also found, Dewitt was aware of the purported exculpatory evidence when he pleaded guilty to obtain the benefits of the plea offer. *See Medina v. People*, 2023 CO 46, ¶¶ 39, 43, 535 P.3d 82, 90, 91 (affirming the denial of the defendant's challenge to his guilty plea in part because, even though he maintained his innocence, he knowingly, voluntarily, and

9

intelligently pleaded guilty to take advantage of the benefits of plea bargain, which included the dismissal of several other criminal cases).

¶ 21    In addition, Dewitt did not allege that, but for counsel's deficient performance, he would have rejected the plea offer and proceeded to trial. Specifically, he did not explain why rejecting a plea offer that resulted in dismissal of nine substantive criminal charges and five sentence enhancing habitual criminal counts would have been rational under the circumstances. *See People v. Villanueva,* 2016 COA 70, ¶ 68, 374 P.3d 535, 549 (A "conclusory allegation is insufficient to establish prejudice under *Strickland.*").

¶ 22    Accordingly, we conclude that Dewitt failed to allege facts that, if true, would establish that counsel's allegedly deficient performance affected the validity of his guilty plea or that any asserted deficiency prejudiced him. *See People v. Delgado*, 2019 COA 55, ¶ 8, 442 P.3d 1021, 1024 (A court may deny a Crim. P. 35(c) motion without a hearing "if the claims are bare and conclusory in nature and lack supporting factual allegations.").

¶ 23    To the extent Dewitt argues that the police and the prosecution committed pre-plea misconduct, he waived these issues

when he pled guilty, and he does not address how such actions undermined the validity of his guilty plea. *See Neuhaus*, ¶ 8, 289 P.3d at 21 (A guilty plea waives nonjurisdictional pre-plea issues "because a 'guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" (quoting *Tollett*, 411 U.S. at 266-67)); *see also Houser*, ¶ 24, 490 P.3d at 870 (declining to address unsupported arguments).

¶ 24    And to the extent Dewitt asserts that the prosecution's evidence was insufficient to support a finding of guilt on the charged offenses, we conclude that his entry of a guilty plea precludes such review. *See* § 16-7-206(3), C.R.S. 2025 ("The acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues . . . [and] also acts as a conviction for the offense."); *Neuhaus*, ¶ 8, 289 P.3d at 21 ("A guilty plea is an admission of all the elements of a criminal charge."); *Patton v. People*, 35 P.3d 124, 128 (Colo. 2001) ("By pleading guilty, a defendant waives a number of important constitutional rights, including . . . the right to insist at trial that the prosecution establish guilt beyond a reasonable doubt . . . ."); *People v. Flagg*, 18 P.3d 792, 794 (Colo. App. 2000) ("A plea of guilty

has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts.").

¶ 25   Last, to the extent Dewitt is challenging the district court's order denying his pre-plea request for the appointment of conflict-free counsel, we decline to consider that argument. *See Neuhaus*, ¶ 8, 289 P.3d at 21 (Because "a guilty plea precludes review of issues that arose prior to the plea," "a defendant must plead not guilty and go to trial to preserve appellate review of his constitutional challenges to pretrial proceedings."); *see also People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

## IV.   Disposition

¶ 26   The order is affirmed.

JUDGE TOW and JUDGE LIPINSKY concur.